11/21/07

Hon. DENIS R. HURLEY
U.S. DISTRICT JUDGE
U.S. DISTRICT COURT
100 Federal Plaza
Central Islip, N.Y. 11722

RE: HILL v. TISCH, et al,
DKT. No. 02 CV 3901 (DRH)(GLO)

Dear Hon. Judge Hurley:

As the court is aware, this litigation has been pending over 5 years. Trial was set for Jan. 28, 2008 — over a year ago. The Hon. Magistrate Judge Orenstein, ordered that defendants file their portion of the joint pre-trial order on Oct 4th, 2007. Now after 5 years the defendants seek to upset the trial date, by first claiming without support that a) they (def.) don't know where plaintiff is at in the B.O.P.; b) An excuse about some alleged "illicit sexual relationship" reported in the news, discovery should be stayed — this letter request was denied by Magistrate Orenstein.

Again, seeking to circumvent that order; and gain a tactical advantage e.g. citing "2006" Supreme Court law — when the claims arose in 2002; def's. request to file a summary judgement request after 5 years.(!) They state no reason why they failed to move for summary judgment, 5, 4, 3, 2 or 1 years ago.

Plaintiff submits, this is pure subterfuge, to avoid trial, and an attempt at a tactical advantage. And should be denied in its entirety.

First, defendants know, there likelyhood of success on summary judgement is <u>non existent</u>. Many courts have created "<u>waiver of exhaustion process</u>" doctrines, and so has the <u>second circuit</u> see, <u>Mojias v. Johnson, 351 F.3d 606 (2nd cir. 2003)</u> (City regulations specifically <u>list</u> excessive force as one type of complaint that is non-grievable). In the complaint at "point six" plaintiff states "I have attempted to write various grievances all to no avail because <u>anything security related cannot be grieved</u>". Suffolk County Jail in its "facility rule book" makes anything security related non-grievable, and on plaintiffs excessive force claims were characterized as <u>security related</u> and <u>non grievable</u> — thats why "defendants" in a letter to your Honor said "This is an excessive force claim and summary judgement is not applicable see Dkt. sheet at 34 (letter).

Further the <u>second circuit</u> has held the exhaustion requirement is subject to defenses such "<u>estoppel</u>", see <u>Ziemba v. Wezner et.al., 2004 WL 870476 (2d cir. April 23, 2004)</u> ("as a <u>matter of first impression</u> in this circuit we hereby adopt the holding of <u>wright</u>, and hold that the affirmitive defense of exhaustion is subject to estoppel"). <u>Wright v. Hollingsworth, 260 F.3d 357 (5th cir. 2001)</u>; See "claim six" in the complaint where plaintiff alleges C.O.'s who assaulted him and "when most of these incidents occur I am unable to do anything because I do not know the officers names & there badge numbers are so "tiny" they can't be read. They do not wear name tags in this facility and cannot be identified." This allegation and the assaults would constitute

estoppel.

Moreover, while confined in Suffolk County jail, plaintiff filed "numerous complaints" to staff that were investigated by "internal affairs". Compare, Miller v. Norris, 247 F.3d 736 (8th Cir 2001) (administrative remedy that prison officials prevent prisoner from using is not available for purposes of §1997(e)) Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir 1999)(exhaustion requirement fulfilled by informally written complaints, because prison officials were aware of prisoners situation) Williams v. Norris, 176 F.3d 1089, 1090 (8th Cir. 1999) (inmate has exhausted, when prison has denied grievance).

In sum, defendants should be deemed to have waived there summary judgment request for waiting untill the proverbial eve of trial. And knowing that their chances of success are non existent.

Defendants know, plaintiff has been attempting to re-obtain his discovery material — the U.S. Marshals still have his legal work. So now def.'s ask to move for summary judgement. Trial has been set over a year, this litigation over 5 years, def's are years late. This request should be denied.

As for the cost of moving plaintiff — when plaintiff asked to stay in Nassau county till trial defendants opposed plaintiff's request, and should not now be heard to complain.

The motion should be denied in its entirety —

Thank you for your time & consideration.

Respectfully
Demetrius Hill
Demetrius Hill
68133-053
USP-Lee, P.O. Box 305
Jonesville, VA, 24263

*note Supreme Court has addressed exhaustion this year 2007 - don't have cite.

Note:

You'r can you please direct

a) the U.S. Marshalls for the eastern district — to send the rest of plaintiffs "legal materials" that was given to them during the criminal case — (see previous letter submitted) or,

b) Direct defendant to provide all previously disclosed discovery so that I may continue to prepare for trial.

c) Defendant be directed to serve there portion of the joint pretrial order as instructed by Judge Orenstein — the defendants seem to be attempting to either frustrate or ignore the courts orders.

d) Direct defendants to file the necessary paperwork for your honors signature, so I can be moved to a local facility and can begin trial preparation.

I hope the defendants will not be allowed to trample over my rights — simply because I do not have the resources they have.

Thanks in advance...