UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

DEMETRIUS HILL,

               Plaintiff,           **MEMORANDUM & ORDER**
    -v.-                                  02-CV-3901 (DRH) (MLO)

AL TISCH, SHERIFF, et al.,

               Defendants.
_____

**Appearances:**

**For the Plaintiff:**
**Demetrius Hill,** *pro se*
No. 68133-053
Federal Correction Institution
PMB 1000
Talladega, AL 35160

**For the Defendants:**
**Christine Malafi**
**Suffolk County Attorney**
P.O. Box 6100
H. Lee Dennison Building
100 Veterans Memorial Highway
Hauppauge, New York 11788-0099
By: Arlene S. Zwilling, Assistant County Attorney

**HURLEY, Senior District Judge:**

        Plaintiff Demetrius Hill ("Plaintiff") brings the present action against defendants Al Tisch, Sheriff; West Bagnowski, Warden; Murphy Dep. Warden; Mr. Geslak, Captain; Mr. Singer, Lieutenant; Mr. Leehman, Lieutenant; Sgt. Kearsey; Sgt. Walsh; Mr. Reynolds, Correction Officer; Mr. Sanicruz, Correction Officer; Mr. Jonesy, Correction Officer; and various John Does ("Defendants"), pursuant to 42 U.S.C. § 1983, claiming that Defendants used excessive force against him and subjected him to hazardous living conditions while he was incarcerated in the Suffolk County jail. Defendants have moved for summary judgment pursuant

to Federal Rule of Civil Procedure ("Rule") 56.  For the reasons that follow, Defendants' motion is granted in part and denied in part.

## *BACKGROUND*

The material facts, drawn from the Complaint and Defendants' Local 56.1 Statement, are undisputed unless otherwise noted.

Plaintiff was incarcerated in the Suffolk County Correctional Facility ("SCCF") from March 29, 2002 to September 18, 2002.  Upon his admission to SCCF, Plaintiff received a copy of the Inmate Rule and Regulations Booklet, 2000 Revision (the "SCCF Rules and Regulations") and signed a booking sheet acknowledging his receipt.  The SCCF Rules and Regulations set forth the procedures for administrative review of inmate grievances.

Plaintiff filed the instant action on July 28, 2002, alleging that Defendants violated his constitutional rights, pursuant to § 1983, based on six separate incidents: (1) unjustifiable placement in administrative segregation upon his arrival at SCCF on March 29, 2002; (2) excessive force by corrections officers and forced medication by an alleged nurse on April 3, 2002; (3) denial of proper medical care on April 4, 2002; (4) excessively restrictive administrative segregation in general; (5) the failure of Defendants to protect Plaintiff from an assault by another inmate and denial of medical care in June 2002; and (6) verbal and physical attacks by SCCF officers.  Although Plaintiff filed numerous written grievances pursuant to the Inmate Grievance Program while incarcerated in SCCF, he never filed any grievances concerning the six incidents set forth in the Complaint.

Defendants move for summary judgment, arguing that Plaintiff's claims should be dismissed based on his failure to exhaust administrative remedies prior to initiating this action.

-2-

For the reasons that follow, Defendants' motion is granted in part and denied in part.

## DISCUSSION

**I.**     ***Applicable Law and Legal Standards***

   **A.**     ***Summary Judgment***

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is only appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates both the absence of a genuine issue of material fact and one party's entitlement to judgment as a matter of law.  *See Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008); *Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994).  The relevant governing law in each case determines which facts are material; "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009); *Coppola v. Bear Stearns & Co.*, 499 F.3d 144, 148 (2d Cir. 2007).  No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. *See SCR Joint Venture*, 559 F.3d at 137; *Chertkova v. Conn. Gen'l Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996) (citing Fed. R. Civ. P. 56(c)).

To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation, the non-movant must offer similar materials setting forth specific facts that show that there *is* a genuine issue of material fact to be tried. *See Rule v.*

-3-

*Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). The non-movant must present more than a "scintilla of evidence," *Del. & Hudson Ry. Co. v. Cons. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (quoting *Anderson*, 477 U.S. at 252), or "some metaphysical doubt as to the material facts," *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1072 (2d Cir. 1993) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)), and cannot rely on the allegations in his or her pleadings, conclusory statements, or on "mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citations omitted). Affidavits submitted in opposition to summary judgment must be based on personal knowledge, must "set forth such facts as would be admissible in evidence," and must show that the affiant is "competent to testify to the matters stated therein." *Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004) (citing Fed. R. Civ. P. 56(e)). "Rule 56(e)'s requirement the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavit also means that an affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial." *Patterson*, 375 F.3d at 219 (citing *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 160 (2d Cir. 1999)).

When determining whether a genuinely disputed factual issue exists, "a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability," or "the substantive evidentiary standards that apply to the case." *Anderson*, 477 U.S. at 254-55. A district court considering a summary judgment motion must also be "mindful of the underlying standards and burdens of proof," *Pickett v. RTS Helicopter*, 128 F.3d 925, 928 (5th Cir. 1997) (citing *Anderson*, 477 U.S. at 252), because the evidentiary burdens that the

respective parties will bear at trial guide the district court in its determination of a summary judgment motion. *See Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988). Where the non-moving party will bear the ultimate burden of proof on an issue at trial, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the non-movant's claim. *See id.* at 210-11. Where a movant without the underlying burden of proof offers evidence that the non-movant has failed to establish her claim, the burden shifts to the non-movant to offer "persuasive evidence that [her] claim is not 'implausible.'" *Brady*, 863 F.2d at 211 (citing *Matsushita*, 475 U.S. at 587). In deciding a summary judgment motion, a court must resolve all factual ambiguities and draw all reasonable inferences in favor of the non-moving party. *See Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir. 1987).

**B.**     ***Exhaustion of Administrative Remedies***

The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement applies to "all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is mandatory and prisoners must "exhaust all 'available' remedies, not just those that meet federal standards." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). Indeed, a prisoner must exhaust administrative remedies even when he or she seeks monetary damages, which cannot be granted by the administrative process.

*Id.*

In *Hemphill v. New York*, 380 F.3d 680 (2d Cir. 2004), the Second Circuit set forth a three-part inquiry that courts should use when an inmate "plausibly seeks to counter defendants' contention that the prisoner has failed to exhaust available administrative remedies as required by the PLRA." *Id.* at 686. First, the Court must investigate "whether administrative remedies were in fact 'available' to the prisoner." *Id.* (citation omitted). Next, the Court should "inquire as to whether the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it, or whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense." *Id.* (citations omitted). Finally, if the Court finds that administrative remedies were available and that there are no reasons why defendants have forfeited or should be estopped from raising a non-exhaustion defense, "the court should consider whether special circumstances have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements." *Id.* (citations and internal quotation marks omitted).

## II.     *Whether Plaintiff Exhausted his Administrative Remedies*

### A.     *The SCCF Grievance Procedures*

To satisfy the PLRA, an inmate must comply with the specific administrative procedures provided to him. *See Woodford*, 548 U.S. at 88. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). In this case, the SCCF Rules and

Regulations detail the following remedial scheme for filing grievances:

> If you have a complaint or problem:
>
> 1. Attempt to get it resolved with the officer assigned to your particular housing unit.
> 2. If for some reason you and the officer are unable to reach an acceptable resolution, you may request and will receive a grievance form to fill out.
> 3. You may request and will receive assistance in filing out the form.
> 4. Your grievance will be investigated and you will receive a written determination from the grievance coordinator within 5 business days. You have two (2) days to provide additional information if required.
> 5. If you are not satisfied with the grievance coordinator's decision, you may appeal the determination to the Chief Administrative Officer of the facility within 2 business days.
> 6. You will receive a response within 5 business days.
> 7. If your appeal to the Chief Administrative Officer results in an unfavorable decision, you may appeal such determination to the State Commission of Correction within three (3) business days. You cannot appeal the Chief Administrative Officer's acceptance of your grievance.
> 8. The Grievance Coordinator will forward your appeal to the State Commission of Correction within three (3) business days of receipt and you will be provided with a receipt.
> 9. The Commission will render a determination and you will be notified of the result.
>
> **THE FOLLOWING DECISIONS WILL NOT BE SUBJECT OF A GRIEVANCE:**
>
> a. Actual penalties and sanctions, and/or surcharges resulting from disciplinary hearings.
> b. Administrative segregation housing decisions.
> c. Issues that are outside the authority of the Chief Administrative Officer's control. However, the policies or procedures leading to these decision may be the subject of a grievance.
> d. Complaints pertaining to an inmate other than the inmate actually filing the grievance.

(Aff. of Curtis Sclafani, dated Mar. 3, 2008, Ex. A at 15-16.)

In addition, New York has established grievance procedures for county jail inmates.  *See* 9 N.Y.C.R.R. § 7032.4, discussed *infra*.

### B. *Application to the Instant Case*

Plaintiff does not dispute that he never initiated, let alone exhausted, the SCCF's grievance procedures prior to filing this case.  Instead, he offers several excuses for his failure to do so.  The Court will address Plaintiff's arguments in turn, in the context of the three-part *Hemphill* standard.

#### 1. *Availability of Administrative Remedies*

Under *Hemphill*, the Court must first examine "whether administrative remedies were in fact 'available' to [Plaintiff]."  380 F.3d at 686.  Plaintiff asserts generally that administrative remedies were unavailable because he "was told he could not grieve security related issues, administrative segregation, and medical issues at the informal grievance stage and [was] prevented from going forward, as was done with the 2002-236/6/24/02 gri[e]vance."  (Pl.'s Mem. in Opp'n at 16-17.)  Plaintiff fails to identify or describe the person who allegedly gave him this misleading advice, nor state when this exchange occurred.  For example, he does not indicate whether the person who allegedly provided him with this information was a guard or a fellow inmate.  Although administrative remedies may be deemed unavailable if the plaintiff was erroneously instructed by prison officials that he could not file a grievance, and plaintiff in fact did not file a grievance in reliance on that misrepresentation, *see Smith v. Woods*, 2006 WL 1133247, at *16 (N.D.N.Y. Apr. 24, 2006), Plaintiff's conclusory statement, standing alone and devoid of any specificity, is insufficient to withstand summary judgment.

Moreover, the documents Plaintiff relies on are immaterial to the fact in question. For example, the June 24, 2002 grievance Plaintiff refers to – which pertains to property that was allegedly taken from Plaintiff's cell and never returned – was resolved by a finding by the grievance officer that all property was in fact returned and that Plaintiff could file a claim for lost property with Suffolk County. Plaintiff did not appeal the decision. *See Woodford*, 548 U.S. at 85 (exhaustion requires completion of entire appeal process). In any event, there is no indication in this document that Plaintiff was advised that certain offenses were not grievable.

Plaintiff also contends generally that "prison officials retaliate against a prisoner for attempting to file grievances with threats or acts of abuse & assault." (Pl.'s Mem. of Law in Opp'n at 2.) Plaintiff fails to provide the source of that information but in any event, no claim is made that Plaintiff himself was threatened. Even if such a claim could be inferred, Plaintiff proffers no specific facts concerning such an incident and does not contend that the threats from guards prevented him from filing a grievance or otherwise rendered SCCF grievance procedures unavailable to him. In fact, the record reveals that Plaintiff filed numerous grievances during his six-month stay at SCCF, some after the incidents that are the subject of the Complaint.

Plaintiff also argues that he could not have filed a grievance with regard to his claim that he was assaulted by a fellow inmate because "[c]omplaints pertaining to an inmate other than the inmate actually filing the grievance" are not grievable according to the SCCF Rules and Regulation. Although it is true that complaints regarding other inmates do not appear grievable, Plaintiff is not suing another inmate in this action. Instead, Plaintiff alleges that his injuries resulted from the failure of the SCCF defendants to protect him (*see* Compl. Claim 5), and there is nothing in the record to suggest that such complaints are not grievable. *See Toomer*

*v. County of Nassau*, 2009 WL 1269946, at *6 (E.D.N.Y. May 5, 2009) (interpreting identical language to mean that only complaints concerning another inmate's behavior are non-grievable, as opposed to "a grievance against prison officials because of their alleged negligence in failing to protect the plaintiff," which is grievable).

Plaintiff also asserts that he believed that his complaints with regard to medical care were not grievable because he had filed a grievance concerning medical issues in the past and was told that such issues were non-grievable. In fact, the document Plaintiff relies on, viz. an August 23, 2002 denial of a grievance pertaining to Plaintiff's asthma, post-dates the incidents alleged in the Complaint and indicates nothing about the grievability of medical complaints. Instead, it provides that Plaintiff's grievance was denied as untimely. (*See* Aff. of Curtis Sclafani, dated Jan. 2008, Ex. C.) Accordingly, the Court finds that Plaintiff has proffered no evidence which would suggest that the grievance procedure was unavailable with regard to Plaintiff's medical claims.

Plaintiff also relies on other denials of grievances he received – which post-date and are unrelated to the incidents alleged in the Complaint – to somehow suggest that these denials establish that the complaints for which he sues upon are not grievable. His reliance on these subsequent denials is unavailing because it conflates denial with non-grievability. The grievances which Plaintiff submits were not rejected as relating to non-grievable offenses. (*See* Aff. of Curtis Sclafani, dated Jan. 2008, Ex. C.) Rather, they were deemed "non-grievable" by the SCCF Coordinator who reviewed Plaintiff's filings pursuant to 9 N.Y.C.R.R. § 7032.4(f), due to Plaintiff's failure to provide supplemental information and explain in detail the subject of his grievances. Section 7032.4(f) provides:

-10-

> The chief administrative officer or his designee shall ensure that each grievance is investigated to the fullest extent necessary by an impartial person who was not personally involved in the circumstances giving rise to the grievance; provided, however, that a grievance that is too vague to understand or fails to set forth supporting evidence or information may be returned to the inmate. Failure to supply sufficient information or evidence within two days shall be cause to deny the grievance.

9 N.Y.C.R.R. § 7032.4(f). Similarly, the SCCF Rules and Regulations provide that an inmate has two days to provide additional information if required. Thus, Plaintiff's grievances were denied and deemed to be "non-grievable" based upon Plaintiff's failure to provide the SCCF Coordinator with sufficient information to enable him or her to proceed with Plaintiff's claims. They were not denied because they pertained to issues that are not permitted to be grieved under the SCCF Rules and Regulations.

Finally, Plaintiff contends that the alleged assaults against him were not grievable pursuant to what he calls "3375R." (Pl.'s Mem. in Opp'n at 15.) Directive 3375R is a City of New York Department of Corrections Directive which governs correctional facilities operated by the City of New York and therefore has no application to the SCCF. (*See* Reply Affirmation, Ex. E.)

In sum, the Court finds that Plaintiff has failed to raise a genuine issue of material fact as to the first *Hemphill* factor, viz. availability of administrative remedies.

### 2. *Estoppel*

The second *Hemphill* inquiry asks whether Defendants have engaged in any conduct such that they should be estopped from asserting the affirmative defense of non-exhaustion. Here, Plaintiff does not suggest any facts to support an estoppel argument. Thus, the Court concludes that Defendants did not waive or forfeit the affirmative defense of

non-exhaustion.[1]

### 3. *"Special Circumstances" Justifying Failure to Exhaust*

Finally, the Court must consider whether there are any "special circumstances" which justify Plaintiff's failure to exhaust his administrative remedies. To determine whether "special circumstances" exist, a court must consider the "circumstances which might understandably lead usually uncounselled prisoners to fail to grieve in the normally required way." *Giano v. Goord*, 380 F.3d 670, 678 (2d Cir. 2004). Findings of special circumstances have been primarily established where plaintiffs acted pursuant to reasonable interpretations of the regulations, thus preventing exhaustion. For example, in *Hemphill*, the Court remanded the case to the district court to consider the plaintiff's arguments that the regulations were manifestly unclear and that he justifiably interpreted the rules as permitting him to appeal directly to the Superintendent. 380 F.3d at 689. In *Giano*, the Second Circuit held that the plaintiff's failure to exhaust was justified where plaintiff's interpretation of New York prison regulations led him to reasonably conclude that his claim was not grievable. 380 F.3d at 678-79.

Here, Plaintiff argues that his failure to exhaust was justified based on his reasonable interpretation of the SCCF Rules and Regulations. Specifically, Plaintiff relies on the

---

[1] It may be that some of Plaintiff's arguments that the Court discusses under availability of remedies may also fit into the estoppel element of *Hemphill*. Either way, Plaintiff has failed to raise a genuine issue of material fact as to any of these claims. *See Giano v. Goord*, 380 F.3d 670, 677 n.6 (2d Cir. 2004) ("We note that the case law on the PLRA's exhaustion requirement does not always distinguish clearly between (a) cases in which defendants are estopped from asserting non-exhaustion as an affirmative defense, (b) situations in which administrative remedies are not 'available' to the plaintiff, and (c) circumstances in which administrative remedies are 'available,' but the prisoner's original failure to exhaust is nonetheless justified, and hence does not bar the prisoner's subsequent suit. . . . This may, of course, be because the same facts sometimes fit into more than one of these categories.") (citations omitted).

following two provisions:

> **THE FOLLOWING DECISIONS WILL NOT BE SUBJECT OF A GRIEVANCE:**
>
> . . . .
> b. Administrative segregation housing decisions.
> c. Issues that are outside the authority of the Chief Administrative Officer's control. However, the policies or procedures leading to these decision may be the subject of a grievance.
> . . . .

(Aff. of Curtis Sclafani, dated Mar. 3, 2008, Ex. A at 16.)

Taking these arguments in order, Plaintiff first contends that section b led him to believe that he could not grieve his claims relating to administrative segregation[2] as the above provision provides that such matters are not grievable. A plain reading of the provision would appear to support Plaintiff's argument. Defendants do not address this contention. Instead, they conclusorily state that "there is nothing in the [SCCF] rule[s] about grievances remotely suggesting that Hill's complaints are not grievable." (Reply Aff. ¶ 16.) Because Defendants failed to address this issue in their papers, their motion for summary judgment as to Plaintiff's administrative segregation clams is denied. Defendants will be afforded an opportunity to further brief this issue as set forth below.

Next, Plaintiff claims that he should be excused from exhaustion because he did not understand "what was or wasn't outside the 'authority of the chief administrative officer' thereby leaving his grievances to the arbitrary denial by various grievance coordinators . . . who repeatedly cited 'minimum standards 7032.4' which is not in any rule book at Suffolk County

---

[2] Plaintiff seeks redress for both his placement in, and the conditions of, his administrative housing.

jail nor attached as a defense exhibit, so that it isn't known what else is non-grievable." (Pl.'s Mem. in Opp'n at 14.) Plaintiff's argument is without merit.

As explained above, 9 N.Y.C.R.R. § 7032.4 sets forth grievance procedures for county jail inmates and provides that if a grievance is too vague, it may be returned to the inmate. Failure to submit supplemental information within two days constitutes cause to deny the grievance. This provision mirrors the SCCF Rules and Regulations which provide that an inmate has two days to provide additional information if required. As discussed *supra*, several of Plaintiff's grievances – which were wholly unrelated to the claims presented herein – were denied based upon Plaintiff's failure to supplement the grievance within two days, despite having received explicit directions to do so.

It is unclear to the Court how denials of unrelated grievances based upon Plaintiff's failure to proffer supplemental information would somehow justify Plaintiff's failure to file *any* grievances for the claims at issue here. Perhaps Plaintiff is suggesting that the repeated denials of his unrelated grievances deterred him from filing grievances for the claims at issue here. Any such assertion, however, is belied by the sheer volume of grievances he did file during the six-month period he was housed at SCCF. (*See* Affidavit of Curtis Sclafani, dated Jan. 4, 2008, Ex. C (copy of Plaintiff's complete grievance file).) Moreover, any misunderstanding Plaintiff had about the two-day requirement does not excuse his failure to even begin the grievance process with regard to the claims at issue here. And finally, the Court finds unpersuasive Plaintiff's suggestion that he believed that these denials, which were deemed "outside the authority of the Chief Administrative Officer's control" based on Plaintiff's failure to supplement the record, led Plaintiff to doubt whether his claims concerning abuse, lack of

medical care, etc., were grievable. Accordingly, the Court finds that Plaintiff has failed to raise a genuine issue of material fact that "special circumstances" existed to justify his failure to exhaust based on section d of the SCCF Rules and Regulations.

Plaintiff also argues that his failure to exhaust is excused because he complained to the Sheriff's Department's Internal Affairs Section and the Suffolk County District Attorney's Office about the alleged April 3, 2003 assault (*see* Compl. Claim 2), and Defendants were therefore put on notice of Plaintiff's grievance. Plaintiff's argument has been squarely rejected by the Supreme Court. In *Woodward*, the Court held that exhaustion under the PLRA requires "proper" exhaustion, i.e., "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." 548 U.S. at 90 (citation and internal quotation marks omitted). While placing prison officials on notice of a grievance through less formal channels may constitute claim exhaustion "in a substantive sense," *Macias v. Zenk*, 495 F.3d 37, 43 (2d Cir. 2007), an inmate plaintiff must nonetheless meet the procedural requirement of exhausting his or her available administrative remedies within the appropriate grievance construct in order to satisfy the PLRA. *Id.* Thus, "[a]lert[ing] the prison officials as to the nature of the wrong for which redress is sought [via the filing of informal complaints] does not constitute 'proper exhaustion' under *Woodford*." *Id.* at 44 (citations and internal quotation marks omitted).[3]

### C.   *Conclusion as to Plaintiff's Claims*

With the exception of Plaintiff's claims concerning administrative segregation,

---

[3] In *Macias*, plaintiff filed two administrative tort claims and made informal complaints to the prison staff. 495 F.3d at 44.

the Court concludes that Plaintiff failed to exhaust his administrative remedies and this non-exhaustion cannot be excused under the *Hemphill* test.

## *CONCLUSION*

For all of the above reasons, Defendants' motion for summary judgment is GRANTED in part and DENIED in part. All of Plaintiff's claims, except those pertaining to administrative segregation, are dismissed. Defendants are directed to serve and file a memorandum of law, with supporting authority, on whether Plaintiff's claims pertaining to administrative segregation are exhausted, on or before November 20, 2009; Plaintiff is directed to serve and file a memorandum in opposition on or before December 11, 2009; Defendants are directed to serve and file a reply memorandum on or before December 18, 2009.

**SO ORDERED.**

Dated: Central Islip, N.Y.
October 30, 2009             /s_____
                              Denis R. Hurley,
                              United States District Judge