UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DEMETRIUS HILL,

      Plaintiff,         **MEMORANDUM & ORDER**
  -against-             02-CV-3901 (DRH) (AYS)


AL TISCH, SHERIFF, et al.,

      Defendants.

-----------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

  This case arises from plaintiff's claim of being wrongfully placed in administrative segregation when incarcerated in Suffolk County as a pretrial detainee in 2002. The District court's summary judgment decision in October of 2015 denied Defendants' motion as to this claim. That claim therefore remains for trial.

  This court held a status conference on February 1, 2016. Plaintiff appeared via telephone. Defendant seeks no discovery. Plaintiff requested certain information, and asked to take two depositions in this matter. Defense counsel has complied with Plaintiff's request for information, and has thus identified the individuals housed with Plaintiff while he was incarcerated in Suffolk County. As to the depositions sought, Plaintiff identified the individuals sought to be deposed as Defendants Murphy and Bednowsky. Defense counsel has now responded to these request via letter dated February 16, 2016. In that letter, Defense counsel states that Defendant Bednowsky is deceased. Defense counsel also takes the position that Defendant Murphy does not have knowledge of the facts underlying this lawsuit, and that Murphy is no longer employed by the County.

It is not clear to the Court as to whether counsel still represents Murphy, and whether counsel is still in contact with this Defendant. Additionally, there remain ten individual Defendants in this action. In order for the Court to properly assess whether to order the deposition requested, and to assess whether there are any depositions or other discovery as to which Plaintiff may seek prior to trial, the Court directs Defendants to explain the basis for the belief that Defendant Murphy has no information regarding the claims in this matter. Such basis shall be supported by affidavit testimony of Murphy or documents showing his lack of involvement in the facts underlying this lawsuit.

Defendants are further required to indicate whether any of the other individually named defendants, including defendant Reynolds (who is referenced in the District Court's summary judgment opinion) are still represented by Defense counsel, and whether any of these individuals have relevant information regarding this lawsuit. In connection with this issue, Defense counsel shall also identify the witnesses it intends to appear at the trial of this matter.

Once the court reviews Defense counsel's submission it will be in a better position to assess whether there is additional discovery necessary for this case to be certified as trial ready. In the event that Defense Counsel no longer represents the individual Defendants herein, including Murphy, Defense Counsel is directed to provide their last known addresses to Plaintiff. Defense counsel is granted three weeks in which to comply with this order.

Dated: Central Islip, New York
February 22, 2016

/s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge