UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

Demetrius Hill, Pro se,
        Plaintiff,

v.

Al Tisch, et. al.,
        Defendants.

REQUEST FOR RECONSIDERATION OF GRANT OF SUMMARY JUDGEMENT.
02-CV-3901 (DRH)

Comes Now, Demetrius Hill, requesting reconsideration of the Courts 2015 decision, in light of the U.S. Court of Appeals decision in Hubbs v. Suffolk Cnty. Sheriff's Dep't, 788 F.3d 54 (2nd cir. 2015) which admonished all Districts Courts:

"The burden, we repeat, is on the defendant to establish at the outset that an administrative remedy was "available" in the sense that a grievance policy or procedure existed and covered the dispute at hand. Only if a Court determines that he has carried that burden by reference to a "legally sufficient source",,,, Can it proceed to consider any exceptions."

1

## DEFENDANTS HAVE FAILED AS A MATTER OF LAW TO DEMONSTRATE THE SCCF GRIEVANCE PROCESS WAS AVAILABLE FOR EXCESSIVE FORCE CLAIMS OR CLAIMS AGAINST MEDICAL.

Though <u>Hubbs</u> supra is different in location, but the facts are exceptionally similar, Plaintiff wont go through all the facts. Yet Plaintiff urges the Court to read the 2nd Circuits decision.

The Complaint filed by Plaintiff states he was sadistically assaulted and brutalized 3 days after arriving at SCCF. Plaintiff was "alternatly housed" at SCCF, that is he was a NCCF prisoner but was not held there due to the fact his Fiance worked there at the time.

An unnamed nurse or medical person, after the assault stabbed Plaintiff with a needle injecting him with a unknown psychotropic drug that had severe side effect, which

2

Plaintiff later learned was Haldol, this was done against his will, and without any justification. Plaintiff was then left bloody, handcuffed and shackled lying in his own blood & vomit all night.

When Plaintiff was taken to court, two days later still suffering from side effects, a local Judge ordered Plaintiff receive medical treatment, see, exhibit-A, re submitted. When Plaintiff attempted to file a grievance① he was directed to file a complaint with the facility Internal Affairs unit, which he did, see, exhibit-B. Plaintiff gave a full detailed affidavit of several claims subsumed within the complaint. Plaintiff's Mother also complained to the Internal Affairs unit, see exhibit-C, Internal Affairs conducted an investigation, supposedly,,, and denied any wrong doing by any officer, see, exhibit-d. It was Plaintiff's belief based on what he was told by grievance officer Ketonen, Internal Affairs

---

① The grievance officer's name was Donna **Ketonen**

3

investigated all allegations of excessive force by SCCF staff. And Plaintiff believed

    a) medical complaints were outside the authority of the warden, Plaintiff believed they (medical staff) worked for a contract Hospital, and were Hospital staff, as they often wore Hospital garb;

    b) Excessive force, assaults by staff were outside the authority of the warden as was told to Plaintiff by the grievance coordinator and the Internal Affairs officers — who did not wear SCCF C.O. uniforms;

    c) Other prisoners had told Plaintiff to file a complaint with Internal Affairs, specifically the prisoners on Plaintiffs housing tier;

This is the exact same fact pattern, in terms of prisoners being told to complain about staff assault to Internal Affairs See, Roland v. Murphy, 289 F.Supp.2d 321, 324 (E.D.N.Y. 2003) (complaints to internal affairs unit); Vogeltang v. Riverhead County Jail, 2009 U.S. Dist. Lexis 1914 (2nd cir 2009),,,

and now Hubbs has the exact same allegations as to his attempts to exhaust the SCCF grievance process — he was directed to internal affairs. The only difference is Hubbs had tenacious attorneys who demonstrated to the Court of appeals that the SCCF and their self serving affidavits are subterfuge designed to prevent prisoners being able to find redress within the U.S. Courts, when they are sadistically assaulted by rogue racist corrections officers.

In light of the Hubbs decision Plaintiff request the Court reconsider its earlier decision on summary judgement and reinstate the excessive force claims and medical claims.

SCCF GRIEVANCE PROCESS IS VAGUE, AND UNAVAILABLE TO SATISFY THE PLRA OR THE CONSTITUTIONAL RIGHT TO SEEK REDRESS.

The defendants have relied on a SCCF rule book and

5

self-serving affidavits from individuals that were <u>not</u> the grievance officer at the time of the allegations within the complaint. The non grievable section of the rule book is unconstitutionally vague, and thus unable to satisfy the "<u>availability</u>" demand of the PLRA. As the Court of Appeals stated in <u>Hubbs</u>

> "Defendants instead rely, as the district court did, on the inmate handbook and on the Rosenblatt affidavit. Both, however, <u>fall well short</u> of establishing as a matter of law that the SCCF grievance procedures applied to the court holding facility. As to the first, the handbook's plain terms state that issues outside the wardens control "<u>will not be the subject of a grievance</u>"...
>
> Thus, far from establishing the availability of a grievance procedure at the court holding facility, the handbook <u>does nothing</u> more than raise the question defendants would have it answer— namely, was what allegedly happened to <u>Hubbs</u> within the control of the warden?

<u>Hubbs id at 60</u>.

6

Nothing in the rule book would alert prisoners that <u>medical</u> complaints were within the control of the warden and thereby grievable. And as internal affairs investigated the assault, took a affidavit, rendered a decision,,, and <u>never</u> once told Plaintiff to file a grievance. The rule book is vague, and the Court should vacate its prior order reconsider <u>all</u> the facts and exhibits, and reinstate the excessive force claims and medical claim in accordance w/ the 2nd Circuit decision in Hubbs —

<u>I declare under penalty of perjury the foregoing fact are true and correct to the best of his recollection</u>
Executed May 3, 2016   28 USC <u>1746</u>

John Struggle
Demetrius Hill
68133-053
USP Lewisburg
P.O. Box 1000
Lewisburg, PA, 17406

CC: Arlene Zwilling
    Cnty Atty

7