```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DEMETRIUS HILL,

                    Plaintiff,

         -against-                          ORDER
                                            02-CV-3901(JS)(AYS)
AL TISCH, et al.;

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:     Demetrius Hill, pro se
                   c/o A. Hassen
                   P.O. Box 220002
                   Rosedale, New York  11422[1]

For Defendants:    Arlene S. Zwilling, Esq.
                   Suffolk County Attorney
                   P.O. Box 6100
                   H. Lee Dennison Building, Fifth Floor
                   100 Veterans Memorial Highway
                   Hauppauge, New York  11788-0099
```

SEYBERT, District Judge:

On November 1, 2022, Abi Hassen sent an email to the Court's Chambers email address with an attached letter from pro se Plaintiff Demetrius Hill ("Mr. Hill"), dated October 31, 2022 (hereafter, the "October 2022 Letter Motion").  (See ECF No. 203.) The attached October 2022 Letter Motion was electronically signed by Mr. Hill.  (See id.)  In said Letter, Mr. Hill requested a status conference and the appointment of counsel.  (See id.) Pursuant to this Court's directive, as a courtesy to Mr. Hill and

---

[1] Unless subsequently directed, this address is to be used only for the limited purposes discussed herein.

because the October 2022 Letter Motion was signed by Mr. Hill, the email and October 2022 Letter Motion were docketed in this case. Mr. Hill subsequently mailed the October 2022 Letter Motion to the Court, which was also docketed and included the notation that it was duplicative of the October 2022 Letter Motion received via the Court's Chambers email. (See ECF No. 204.)

Thereafter, the Court: (1) updated Mr. Hill's address of record to the one included in his October 2022 Letter Motion (see Case Docket); (2) sent Mr. Hill a pro bono application (see ECF No. [205]); and (3) set a January 4, 2023 status conference, which electronic scheduling order was sent to Mr. Hill's updated address of record (see Dec. 12, 2022 Elec. Sch. Order).

At the January 4, 2023 status conference, which was held telephonically, among other things, Mr. Hill advised the Court that he no longer resided at the Valley Stream address listed on the docket (see Minute Entry, ECF No. 206). He was "directed to file a letter advising the Court of his new address by 1/6/2023." (See id. at 5.) Mr. Hill was also "granted leave to file a Motion to Allow a Pro Se to Electronically File on ECF." (See id.) However, because Mr. Hill did not comply with the Court's directive to update his address by January 6, 2023, the application to register for ECF was not forwarded to Mr. Hill.

Currently, the Court is in receipt of an email from Abi Hassen stating:

> Mr. Hill can receive mail at the following PO Box
>
> c/o A. Hassen
> PO Box 220002
> Rosedale, NY  11422
>
> He would also like to register fro [sic] using his email address, trsn1978@gmail.com

(Mar. 6, 2023 Email from Abi Hassen to Seybert Chambers email address, attached (hereafter, the "March 2023 Email").)  Except for the limited purposes articulated herein, the Court DECLINES to take any action regarding the March 2023 Email.

Unlike the November 1, 2022 email received from Abi Hassen, which was essentially a cover letter to Mr. Hill's signed October 2022 Letter Motion, the March 2023 Email provides no indication that Ms. Hassen is authorized to act on behalf of Mr. Hill, i.e., that she is a licensed attorney who has been retained to represent Mr. Hill.  Section 1654 of Title 28 of the United States Code, "which governs appearances in federal court, . . . allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself.'" Lattanzio v. COMTA, 481 F.23d 137, 139 (2d Cir. 2007) (quoting Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks

omitted)). "The statute does not permit 'unlicensed laymen to represent anyone else other than themselves.'" Lattanzio, 481 F.3d at 139 (quoting Eagle Assocs.). Thus, while Mr. Hill, a non-lawyer, may represent himself, in the absence of any indication that she is a licensed attorney representing Mr. Hill, Abi Hassen cannot represent Mr. Hill; in other words, Ms. Hassen cannot make requests on Mr. Hill's behalf to this Court. Therefore, the request to register Mr. Hill for ECF is DENIED without prejudice to renew.

Further, Mr. Hill is reminded that it is his duty to inform the Court of his current address. See, e.g., Alomar v. Recard, No. 07-CV-5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) ("The duty to inform the Court and defendants of any change of address is an obligation that rests with all pro se plaintiffs.'" (quoting Handlin v. Garvey, No. 91-CV-6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996)); see also English v. Azcazubi, No. 13-CV-5074, 2015 WL 1298654, at *2 (E.D.N.Y. Mar. 20, 2015) ("[W]hen a party, even a pro se litigant, changes addresses, it is that party's obligation to notify the Court of the new address."). Because there is no indication that the March 2023 Email is from Mr. Hill, it is ineffective in meeting his duty of informing the Court of his current address. Thus, at this juncture, the Court DECLINES to update Mr. Hill's address of record to the Rosedale, New York address.

Further, <u>Mr. Hill is **ON NOTICE**</u>: <u>The Court will **NOT ACCEPT OR ACT UPON** any further correspondence received via email</u> (or facsimile) from himself or others; unless and until an application to register for ECF is received from Mr. Hill and approved by the Court, <u>all future *pro se* filings by Mr. Hill are to be made by hand delivery and/or by mail to the Court's *Pro Se* Department</u>. Compare FED. R. CIV. P. 5(d) (2) ("**Nonelectronic Filing**. A paper not filed electronically is filed by delivering it (A) to the clerk; or (B) to the judge <u>who agrees to accept it</u> for filing . . . ." (emphasis added)).

Accordingly, **IT IS HEREBY ORDERED**:

1. The Case Docket is NOT to be updated with the Rosedale, New York address at this time;

2. <u>By no later than March 31, 2023</u>, Mr. Hill is to:

    i.  Provide a Notice of Change of Address <u>or</u> confirm that the above-referenced address is his current address of record; and

    ii. Submit a completed application to register for ECF, if he still seeks permission to utilize ECF;

3. For the limited purpose of providing Mr. Hill with (i) notice of this Order and (ii) the required application to register for ECF, the Clerk of Court is directed to mail both documents

to Mr. Hill, c/o A. Hassen, P.O. Box 220002, Rosedale, New York 11422; and

4. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies any appeal from this Order would not be taken in good faith. Therefore, in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March _7_, 2023
       Central Islip, New York