FILED
CLERK

10/21/2024 4:41 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
DEMETRIUS HILL,

            Plaintiff,           ORDER re:
                                        Motion to Recuse and
    -against-                 Motion for Reconsideration

AL TISCH, et al.;              02-CV-3901(JS)(AYS)

            Defendants.
---------------------------------X
APPEARANCES
For Plaintiff:      Demetrius Hill, pro se
                      c/o Abraham. Hassen
                      P.O. Box 220002
                      Rosedale, New York  11422

For Defendants:     Callan W. Tauster, Esq.
                      Suffolk County Attorney
                      P.O. Box 6100
                      H. Lee Dennison Building, Fifth Floor
                      100 Veterans Memorial Highway
                      Hauppauge, New York  11788-0099

**SEYBERT, District Judge**:

        The Court assumes the parties' familiarity with the factual and procedural history of this action to date.  It proceeds directly to the matter at hand:  Plaintiff's request that this Court recuse itself and reconsider the adjournment of the trial scheduled in this action.

        At the August 29, 2024 Pretrial Conference in this action, the Court scheduled the trial to commence on December 9, 2024.  (See Min. Entry, ECF No. 242.)  On September 3, 2024, Defendants' counsel moved to adjourn the trial.  (See Adjournment Motion, ECF No. 243.)  Among other things, Counsel represented:

(1) when the Pretrial Conference was held, Counsel "had not yet heard from all [Defendants] regarding their availability for trial in the coming months," with said Defendants all being retired and some living out-of-state; (2) she had just learned, after the Pretrial Conference, that "half the Defendants cannot participate in the trial on the scheduled dates" with one Defendant committed to a family wedding and related obligations and another Defendant scheduled to be out of the country on a pre-paid vacation; (3) she was "mindful of both the Court's and Plaintiff's desire to try this matter as soon as possible, which is why the requested adjournment is only a few weeks later than the December 9th date"; and (4) while she anticipated Plaintiff would not consent to her adjournment request, Counsel "wanted to advise the Court and Mr. Hill of the Defendants' availability as soon as practicable." (Id.)  Plaintiff did not respond to the Adjournment Motion.  (See Case Docket, in toto.)  On September 19, 2024, the Court entered the following Order:

> Having considered the Defendants' [Adjournment M]otion requesting the December 9, 2024 "trial be adjourned to a time after the New Year to accommodate the individual Defendants' pre-existing personal obligations," notwithstanding the Court's strong reluctance to do so, in the absence of hearing an objection from Plaintiff (see Case Docket, in toto), and since "half the Defendants cannot participate in the trial on the scheduled dates," the adjournment request is GRANTED. ACCORDINGLY, the December 9, 2024

>   trial is adjourned to January 6, 2024 at 9:30
>   a.m., commencing with jury selection.

(Sept. 9, 2024 Elec. ORDER (emphases added).)

Notwithstanding having been directed not to email correspondence to the Court (see Mar. 16, 2023 Elec. ORDER[1]), on September 20, 2024, Plaintiff emailed the Court: (1) requesting the undersigned recuse herself from the case; (2) seeking reversal of the Court's decision to adjourn the trial; and (3) stating he is not available on January 6, 2024; said email has been construed as a dual motion for recusal and reconsideration (hereafter, the "Recusal/Reconsideration Motion"). (ECF No. 244.) In response, the Defendants underscored their Adjournment Motion was unopposed even though Counsel emailed a courtesy copy of same to Plaintiff and Plaintiff is registered to receive electronic notifications of filings. (See Recusal/Reconsideration Response, ECF No. 245, at 1.) Defendants further contend there is no basis for recusal or reconsideration; however, they are "more than happy to adjourn the trial to a date more convenient for [Plaintiff]." (Id. at 2.) Plaintiff replied that he did not need to respond to the

---

[1] In its March 16, 2023 Electronic ORDER, among other things, the Court placed Plaintiff "ON NOTICE: **NO** further emails from, or on behalf of, Mr. Hill will be accepted or responded to by the Court." Indeed, on May 11, 2023, the Court granted Plaintiff permission to electronically file his submissions; in conjunction therewith, Plaintiff was directed to register for ECF. (See May 11, 2023 Elec. ORDER.) Yet, the Court has continued to extend solicitudes to pro se Plaintiff by accepting submissions he has made by email. (See, e.g., ECF Nos. 230, 233, 234, 235, 238.)

Adjournment Letter because the Court stated there would be no further extensions. (See Reply, ECF No. 246.) He reiterated his request that the Court reconsider its decision to adjourn the trial. (See id.) The Court will first address Plaintiff's recusal request and then his reconsideration request.

I.  Recusal

Section 455(a) of Title 28 of the U.S. Code provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b)(1) further provides a judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Section 455 is "evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." Liteky v. United States, 510 U.S. 540, 548 (1994). "Recusal is appropriate when a reasonable person, knowing all the facts would question the judge's impartiality." Canady v. Univ. of Rochester, 736 F. App'x 259, 261 (2d Cir. 2018) (cleaned up); see also Thorpe v. Zimmer, Inc., 590 F. Supp. 2d 492, 494 (S.D.N.Y. 2008) ("The Second Circuit has interpreted 28 U.S.C. § 455 to require recusal if 'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal.'" (quoting United

States v. Yousef, 327 F.3d 56, 169 (2d Cir. 2003)). "Recusal decisions are to be made within the sound discretion of the judge whose disqualification is sought." Law Offices of Geoffrey T. Mott, P.C. v. Hayden, No. 22-CV-7398, 2023 WL 7386665, at *2 (E.D.N.Y. Nov. 8, 2023) ("The judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion." (citing In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988))); see also United States v. LaMorte, 940 F. Supp. 572, 576 (S.D.N.Y. 1996).  There is a presumption that the court is impartial, and the burden is on the movant to prove otherwise.  See Da Silva Moore v. Publicis Groupe, No. 11-CV-1279, 2012 WL 2218729, at *9 (S.D.N.Y. June 15, 2012). If the movant has not satisfied his burden of proof, the court has an affirmative duty not to disqualify itself.  See Thorpe, 590 F. Supp. 2d at 494.

In this instance, Plaintiff cannot overcome the presumption of impartiality warranting recusal.  First, he has not identified any extrajudicial source for bias.  Second, objectively viewed, Plaintiff's claim of bias is no more than frustration with this Court's granting Defendants' Adjournment Motion, which is insufficient to establish bias.  Without more, rulings adverse to Plaintiff are insufficient to show bias requiring recusal.  Thus, Plaintiff has failed to meet his recusal burden.  Rather, the Court finds that a reasonable person, knowing all the facts, would not

question the undersigned's impartiality, but would conclude the Court's ruling was made within the confines of the applicable law, as "outrageous" as those ruling might appear to Plaintiff. (Recusal/Reconsideration Motion at 1.)  Thus, and given the Court's duty not to unnecessarily recuse itself, Plaintiff's recusal request is denied.

II. Reconsideration

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995); see also Medoy v. Warnaco Empls. Long Term Disability Ins. Plan, No. 97-CV-6612, 2006 WL 355137 at *1 (E.D.N.Y. Feb. 15, 2006) ("The standard . . . is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court."); Pickering-George v. Atty. Gen. of U.S., No. 10-CV-1103, 2011 WL 52363, at *1 (E.D.N.Y. Jan. 5, 2011) (Seybert, J.); accord Miller v. Smith, No. 21-CV-2949, 2021 WL 5416624, at *1 (E.D.N.Y. Nov. 18, 2021) (Seybert, J.) (same).  Motions for reconsideration are committed to the sound discretion of the district court. See Belfiore v. Procter & Gamble Co., 140 F. Supp. 3d 241, 245

(E.D.N.Y. 2015); Hunt v. Enzo Biochem, Inc., No. 06-CV-170, 2007 WL 1346652, at *1 (S.D.N.Y. May 7, 2007).

In turn, "[t]he decision whether or not to adjourn a trial date is entrusted to the discretion of the trial court." Carroll v. Trump, 669 F. Supp. 3d. 249, 252 (S.D.N.Y. 2023); see also id. at n.3 (collecting cases re: same). An appellate court "will not disturb" a district court ruling adjourning a trial unless one can establish both the adjournment decision was arbitrary and "it substantially impaired the presentation of [the] case." Id. (quoting Lewis v. Rawson, 564 F.3d 569, 577 (2d Cir. 2009) (cleaned up)).

Here, the Court's decision to adjourn the trial was made reluctantly and not arbitrarily. It took into consideration that the absence of two of the four Defendants would substantially impair Plaintiff's case, as well as Defendants' defense thereto. Indeed, it has always been the Court's understanding Plaintiff intends to call the Defendants as witnesses. Certainly, having only two of the four Defendants available to call as witnesses could substantially impair Plaintiff's presentation of his case. The same holds true for Defendants; not having half of them available could impede their ability to defend against Plaintiff's claims.

Further, to the extent the Court mentioned proceeding by way of deposition testimony for missing Defendants, proceeding in

that manner is also subject to the same party availability issues which was the impetus for Defendants' Adjournment Motion. Moreover, there are not-so-insignificant associated cost issues to consider by proceeding in that fashion.

Additionally, given Defendants' Adjournment Motion was made less than a week after the Pretrial Conference, during which Conference Counsel advised the Court she had not yet heard from all the Defendants regarding their availability, the Court finds the requested adjournment was not made for dilatory purposes. And, the timing of Defendants' request is not so close to trial that there will be any impact upon jurors as none have yet been summoned for the trial.

Moreover, to the extent Plaintiff is frustrated by the Court granting Defendants' Adjournment Motion because he "announced on TikTok that [he] would have a trial on [December 9, 2024]" (Recusal/Reconsideration Motion), that is not part of the Court's calculus. Courts have many parties to consider "from a logistical and organizational standpoint" when determining whether to grant a trial adjournment, e.g., the parties, lawyers, witnesses, jurors, court staff. See Carroll, 669 F. Supp. 3d at 253. However, those who comprise a party's social media following are not constituents with whom a court needs concern itself when making a trial adjournment determination. This is especially true given this District's Local Rule restricting the streaming of court

proceedings absent the authorization of the presiding judge. See E.D.N.Y. Local Civil Rule 1.8(b). To date, no such application has been made or permission been granted. (See Case Docket, in toto.)

Finally, to the extent Plaintiff expresses frustration with the age of this action, his frustration is not without merit. Since the reassignment of this 2002 case to the undersigned, and mindful of its age, the Court has diligently engaged with the parties to advance it to resolution. The Court is keenly aware Plaintiff has been waiting 23 years for closure. Nonetheless, the Court must be balanced in its approach and as to all parties. Defendants' adjournment request was: (1) as discussed, supra, based upon good cause; (2) made shortly after the Pretrial Conference and not for dilatory purposes; and, (3) relatively speaking, for a short period of time. Hence, the adjournment decision was well within the Court's discretion. Even given the length of time Plaintiff has waited for the trial in this action, Plaintiff has not presented a basis for the Court to reconsider granting the short adjournment requested by Defendants.

III. New Trial Date

Since Plaintiff represents he is not available January 6, 2025, the trial commencement date, and Defendants agree to adjourn the trial to a date more convenient to Plaintiff, the Court will adjourn the commencement of the trial to the following

week, with jury selection commencing on Monday, January 13, 2025 at 9:30 a.m.  **The Court is blocking off <u>January 13-16, 2025 and January 21-23, 2025</u> for the trial in this action (hereafter, the "Trial Dates").**  <u>By no later than October 30, 2024</u>, the parties are to each file a letter with the Court confirming their availability for the Trial Dates.

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Recuse (ECF No. 244) is DENIED in its entirety, and Plaintiff's Motion for Reconsideration (ECF No. 244) is DENIED in its entirety;

**IT IS FURTHER ORDERED** that, <u>by no later than October 30, 2024</u>, the parties are each to file a letter with the Court confirming their availability for the Trial Dates;

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), the COURT **CERTIFIES** that any appeal from this Order would not be taken in good faith; therefore, <u>in forma pauperis</u> status is **DENIED** for the purpose of any appeal.  See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962); and

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]

**IT IS FURTHER ORDERED** that, notwithstanding Plaintiff is registered to receive electronic notifications in this case, the Clerk of Court is directed to mail a copy of this Order to Plaintiff at his address of record.

                                        **SO ORDERED.**

                                        /s/ JOANNA SEYBERT
                                        Joanna Seybert, U.S.D.J.

Dated: October 21, 2024
       Central Islip, New York