UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Demetrius Hill,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　-v-<br><br>Al Tisch, et al.,<br><br>　　　　　　　　　Defendants. | 2:02-cv-3901<br>(NJC) (AYS) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

　　　This action, commenced in 2002 by Plaintiff Demetrius Hill ("Hill"), was reassigned to this Court's docket less than two weeks ago, on January 15, 2025. (Compl., ECF No. 1; Elec. Order, Jan. 15, 2025.) The circumstances of the reassignment are as follows. In 2002, this case was assigned to Judge Denis R. Hurley of this Court. (*See* Compl. at 1.) In 2022, the case was reassigned to Judge Joanna Seybert. (Elec. Not., Apr. 11, 2022.) Judge Seybert commenced a trial in this matter with jury selection on January 13, 2025. (Min. Entry, ECF No. 259.) On the third day of trial, Hill filed a motion for recusal, arguing that Judge Seybert was "in capable of being fair and impartial" in this action. (ECF No. 261.)[1] Judge Seybert granted the motion on January 15, 2025, and the case was reassigned to this Court's docket the same day. (ECF No. 262; Elec. Order, Jan. 15, 2025.)

　　　On January 23, 2025, Hill filed a Motion to Expedite Trial, specifically requesting "The first week of February 7, 2025 for jury selection." (ECF No. 263.) The motion did not cite any

---

[1] Excerpts from Hill's submissions are reproduced here exactly as they appear in the original. Unless otherwise noted, errors in spelling, punctuation or grammar will not be corrected or highlighted.

legal authority for scheduling trial to commence within several weeks of the case being reassigned to this Court's docket. (*See id.*) On January 25, 2025, this Court denied the Motion to Expedite Trial and scheduled a pre-trial conference with the parties to take place on May 20, 2025. (Elec. Order, Jan. 25, 2025.)

On January 27, 2025, Hill filed a Motion for Recusal, seeking recusal of the undersigned. (Mot. Recusal, ECF No. 264). Hill also emailed the substance of the Motion for Recusal to court reporter Paul Lombardi.

28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). 28 U.S.C. § 455(a) "is triggered by an attitude or state of mind so resistant to fair and dispassionate inquiry as to cause a party, the public, or a reviewing court to have reasonable grounds to question the neutral and objective character of a judge's rulings or findings." *Liteky v. United States*, 510 U.S. 540, 557–58 (1994) (Kennedy, J., concurring). "[A] judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Id.*; *see also El Omari v. Kreab (USA) Inc.*, 735 F. App'x 30, 31 (2d Cir. 2018) (noting that in considering whether to recuse itself from a case, a court must consider whether "an objective, disinterested observer fully informed of the underlying facts" would "entertain significant doubt that justice would be done absent recusal" (quoting *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000))). "Disagreement with a court's decision, in and of itself, is not a sufficient basis to grant a recusal motion." *Wallen v. Teknavo Grp.*, No. 12-cv-6196, 2022 WL 17742338, at *2 (E.D.N.Y. Dec. 12, 2022) (citing *LoCascio v. United States*, 473 F.3d 493, 495–96 (2d Cir. 2007)).

The Motion for Recusal asserts the following:

> If it takes a Federal judge 120 days to schedule a Pretrial Conference, in a litigation that has been pending for 23 YEARS , Plaintiff submits that this court is UNQUALIFIED to preside as Judge . . . and should Expeditiously Recuse itself.

(Mot. Recusal at 1.) The Motion for Recusal further asserts the following:

> 1. Without any response from the defendants, (EXCEPT,,, EX PARTE, perhaps,,,)this court, GIFTED A 4-MONTH,,, (120 DAYS) Tactical Advantage to defendants;
> 2. The court states no basis or rationale for the 120 day DELAY GIFTED TO DEFENDANTS ;
> 3. This litigation has been pending 23 years. The courts order is a miscarriage of justice;
> 4. In the absence of any justifiable reason for such an extraordinary delay,,, or any filed ECF response from defendants,,, Plaintiff demands an immediate hearing be conducted to ascertain if the courts " decision" is based on EX PARTE communications either, with other Judges concerning this case,,, and or communications with the defendants;
> 5. Judge Sybert ordered this trial be conducted as soon as another judge was assigned, this courts overruling of that order without justification , along with the other facts surrounding this case has created the appearance of impropriety. In that, more backroom deals are being done behind the Plaintiffs back to sabotage His 23 YEAR QUEST FOR JUSTICE.

(*Id.*)

Hill fails to provide any basis by which an objective disinterested observer would entertain doubt about the impartiality of the Court or its qualifications. *See Liteky*, 510 U.S. at 557–58; *El Omari*, 735 F. App'x at 31. Hill asserts—without any support—that this Court scheduled a pre-trial conference 120 days following reassignment due to an unsubstantiated "EX PARTE" communication with the Defendants in this action or based on communications with other judges. (Mot. Recusal at 1.) Hill's disagreement with the Court's decision to schedule an in-person pre-trial conference on May 20, 2025, rather than to schedule a jury trial to begin within weeks of the reassignment of this action to this Court's docket, "is not a sufficient basis to

3

grant a recusal motion." *Wallen*, 2022 WL 17742338, at *2 (citing *LoCascio*, 473 F.3d at 495–96).

Hill's Motion for Recusal and related Motion to Expedite Trial ignore two realities. First, that Hill sought and was granted reassignment of this action to another judge of this District in the middle of a jury trial and after the case had been pending before two other judges of this District for a combined total of 22 years. It is unreasonable for Hill to expect the undersigned to schedule a jury trial in this case to commence within several weeks of reassignment given the volume of material with which the Court will need to familiarize itself.

Second, Hill's Motion for Recusal and Motion to Expedite Trial also ignore the volume and scheduling constraints of this Court's docket. Prior to the reassignment of this action to this Court's docket, the Court had already scheduled seven criminal and civil trials to take place between February and July 2025, several of them requiring multiple weeks of trial time. Hill's requested trial date conflicts with a previously scheduled criminal trial before this Court, which is governed by the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*. This Court will not move trial dates already set in criminal and civil matters to accommodate Hill's request for an expedited trial. Moreover, the Motion to Expedite fails to cite any legal authority for setting aside trial dates in other criminal and civil matters in order to accommodate Hill's requested schedule. All parties in civil matters are required to work with the Court's calendar "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Accordingly, Hill's Motion for Recusal (ECF No. 264) is denied. Hill's request for "an immediate hearing . . . to ascertain if the courts ' decision' is based on EX PARTE communications" is denied. (*Id.* at 1.)

4

Furthermore, given the seriousness of Hill's allegation that "perhaps" this Court has engaged in "EX PARTE communications either, with other Judges concerning this case,,, and or communications with the defendants," <u>any future unsubstantiated allegations</u> of this kind will be met with an order to show cause to provide evidentiary support for such statements or to otherwise show cause why the Court should not impose sanctions upon Hill for violating Rule 11(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). (Mot. Recusal at 1.)

Finally, Hill is on notice that he is prohibited from emailing court reporters motions filed in this action. Hill must file documents concerning this action via electronic filing on ECF or the Pro Se Electronic Document Submission website. *See* Judge Nusrat J. Choudhury's Individual Rule 2.1.[2]

Dated: Central Islip, New York
January 28, 2025

        */s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge

---

[2] This Court's Individual Rules can be accessed on the website for the Eastern District of New York, at https://www.nyed.uscourts.gov/pub/rules/NJC-MLR.pdf.