UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Demetrius Hill,<br><br>                            Plaintiff,<br><br>                           -v-<br><br>Al Tisch, et al.,<br><br>                            Defendants. | 2:02-cv-3901<br>(NJC) (AYS) |

**OPINION AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Plaintiff Demetrius Hill ("Mr. Hill") filed this action on July 8, 2002 against several individuals including Thomas Murphy, Peter Lehman, Helen Geslak, and Gerard Reynolds (collectively, "Defendants"), bringing six claims under 42 U.S.C. § 1983 arising out of his pre-trial detention in the Suffolk County Correctional Facility at Riverhead (the "SCCF"). (Compl., ECF No. 1.)[1]

This action was originally assigned to Judge Denis R. Hurley in 2002. After it had been pending for nearly twenty years, it was reassigned to Judge Joanna Seybert on April 11, 2022. (Elec. Order, Apr. 11, 2022.) Judge Seybert issued numerous rulings in this action, including an oral ruling denying Mr. Hill's Motion to Amend the Complaint to name Suffolk County and John Does as defendants (Mot. Am., ECF No. 230), which was made during a December 11, 2023 hearing (Min. Order, ECF No. 236). Judge Seybert also presided over two days of a jury trial,

---

[1] On February 21, 2024, Judge Joanna Seybert, to whom this action was previously assigned, terminated "John Doe 1 through 6 (S.E.R.T. of 4/3/02), Jonesy (Mr., Correction Officer), Kearsey (Sgt.), Sanicruz (Mr., Correction Officer), Singer (Lieutenant), Al Tisch (Sheriff), Walsh (Sgt.), West Bagnowski (Warden), and John Doe (Doctor)" from this action. (Elec. Order, Feb. 21, 2024.)

which commenced on January 13, 2025. (ECF No. 259–60.) After jury selection and one full day of trial, Mr. Hill filed a motion seeking Judge Seybert's recusal (ECF No. 261), which she granted on January 15, 2025 (Min. Order, ECF No. 262).

After Judge Seybert's recusal, this action was randomly reassigned to this Court's docket on the same day—January 15, 2025. (Order Recusal, Jan. 15, 2025.) During a February 26, 2025 pre-trial conference with the parties, the Court scheduled a second jury trial to commence in this action on July 21, 2025. (Min. Order, Feb. 26, 2025.)[2]

This Court has held several additional pre-trial conferences with the parties to prepare the case for trial. Minutes prior to the May 29, 2025 conference, Mr. Hill hand-served an omnibus motion on Defendants and provided a copy to the Court, seeking various forms of relief. (Min. Entry, Mar. 29, 2025; *see also* ECF No. 271.) The Court heard argument on that omnibus motion. (Min. Entry, Mar. 29, 2025.) After Mr. Hill filed the motion on the docket, Defendants filed a response. (ECF No. 272.) Mr. Hill subsequently filed his reply. (ECF No. 273.) After consideration of the parties' written and oral arguments, the Court issued a July 7, 2025 Order and Opinion ruling on the omnibus motion (the "July 7, 2025 Order"). (July 7, 2025 Order, ECF No. 278.)

On July 8, 2025, just moments preceding another pre-trial conference before this Court, Mr. Hill filed a motion titled "Objection for Purposes of Appeal" (the "July 8, 2025 Motion"). (July 8, 2025 Mot., ECF No. 279.) The July 8, 2025 Motion asks for reconsideration of certain rulings made in the July 7, 2025 Order. (*Id.*) It does not cite any legal authority or rules that

---

[2] As noted during various pre-trial conferences, the Court offered earlier trial dates to the parties, but Defendants were unable to accommodate those dates due to the unavailability of counsel and defense witnesses.

2

permit the relief requested. (*See id.*) Based on the content of the July 8, 2025 Motion, the Court liberally construes the motion as a motion made under Rule 60(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") to seek reconsideration of Judge Hurley's 2009 Order granting summary judgment to Defendants on Mr. Hill's Second, Third, Fifth, and Sixth Claims (the "Non-Administrative Segregation Claims"). During the July 8, 2025 pre-trial conference, the Court heard argument on Mr. Hill's July 8, 2025 Motion and ordered Defendants to file a response by July 11, 2025. (Min. Entry, July 8, 2025.)

On July 11, 2025, Defendants filed their response to Mr. Hill's July 8, 2025 Motion. (Resp. July 8, 2025 Mot., ECF No. 282.) On July 15, 2025, Mr. Hill filed a letter seeking various forms of relief. (ECF No. 286.) On July 16, 2025, Mr. Hill filed an amended version of that letter, which the Court liberally construes as Mr. Hill's reply on the July 8, 2025 Motion. (Reply July 8, 2025 Mot., ECF No. 287.) Mr. Hill's July 8, 2025 Motion is therefore fully briefed.

In the midst of briefing the July 8, 2025 Motion, on July 10, 2025, Mr. Hill filed a motion seeking the undersigned's recusal (the "Second Recusal Motion"). (Mot. Recusal, ECF No. 281.)[3]

In addition to the July 8, 2025 Motion and the Second Recusal Motion, on July 11, 2025, Mr. Hill filed another motion seeking a ruling that Suffolk County is a defendant in this action. (Mot. Recons., ECF No. 283.) Liberally construed, this motion also seeks reconsideration of Judge Seybert's oral order on December 11, 2023, which denied Mr. Hill's Motion to Amend the

---

[3] This is not the first recusal motion filed by Mr. Hill. Twelve days after this action was reassigned to this Court, Mr. Hill filed a motion seeking the recusal of the undersigned. (ECF No. 264.) That recusal motion was filed immediately after this Court denied Mr. Hill's motion to expedite trial to February 7, 2025. (Elec. Order, Jan. 25, 2025.) The Court denied it on January 28, 2025. (ECF No. 265.)

3

Complaint, pursuant to Rule 60(b)(3) (the "Reconsideration Motion"). On July 13, 2025, the Court ordered Defendants to file a response to the Reconsideration Motion by July 15, 2025. (Elec. Order, July 13, 2025.) On July 15, 2025, Defendants filed their response. (Resp. Mot. Recons., ECF No. 284.) On July 16, 2025, Mr. Hill filed a letter reply. (Reply Mot. Recons., ECF No. 288.) Mr. Hill's Reconsideration Motion is therefore fully briefed.

For the reasons addressed below, the Court denies Mr. Hill's Second Recusal Motion, the July 8, 2025 Motion, and the Reconsideration Motion.

## LEGAL STANDARDS

### I. Motions for Recusal

28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). 28 U.S.C. § 455(a) "is triggered by an attitude or state of mind so resistant to fair and dispassionate inquiry as to cause a party, the public, or a reviewing court to have reasonable grounds to question the neutral and objective character of a judge's rulings or findings." *Liteky v. United States*, 510 U.S. 540, 557–58 (1994) (Kennedy, J., concurring). "[A] judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Id.*; *see also El Omari v. Kreab (USA) Inc.*, 735 F. App'x 30, 31 (2d Cir. 2018) (noting that in deciding whether to recuse itself from a case, a court must consider whether "an objective, disinterested observer fully informed of the underlying facts" would "entertain significant doubt that justice would be done absent recusal" (quoting *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000))). "Disagreement with a court's decision, in and of itself, is not a sufficient basis to grant a recusal motion." *Wallen v. Teknavo Grp.*, No. 12-cv-6196, 2022 WL 17742338, at *2

4

(E.D.N.Y. Dec. 12, 2022) (citing *LoCascio v. United States*, 473 F.3d 493, 495–96 (2d Cir. 2007)).

## II. Motions for Reconsideration Pursuant to Rule 60(b)

As discussed in the July 7, 2025 Order, Rule 60(b) provides for relief from a final judgment, order, or proceeding in the case of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A Rule 60(b) motion "must be made within a reasonable time" and motions brought pursuant to Rule 60(b)(1)–(3) must be made "no more than a year after the entry of the . . . order . . . ." Fed. R. Civ. P. 60(c)(1).

The standard for granting a Rule 60(b) motion for reconsideration is "strict." *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024). The decision to grant or deny such a motion rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Commerzbank AG*, 100 F.4th at 377. In other words, under Rule 60(b), "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Id.* A Rule 60(b) motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners,*

5

*L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). "[A] Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Pastor v. P'ship for Child.'s Rts.*, 856 F. App'x 343, 345 (2d Cir. 2021) (citing *Zerman v. Jacobs*, 751 F.2d 82, 84–85 (2d Cir. 1984)).

With respect to motions for reconsideration under Rule 60(b)(3), which permits reconsideration based on fraud, misrepresentation, or misconduct by an opposing party, such a "motion cannot be granted absent clear and convincing evidence of material misrepresentations." *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989); *see also Salamone v. Douglas Marine Corp.*, No. 1:19-cv-01213, 2022 WL 111774, at *4 (N.D.N.Y. Jan. 12, 2022), *aff'd,* 111 F.4th 221 (2d Cir. 2024). The moving party must also "show that the conduct complained of prevented the moving party from fully and fairly presenting their case." *State St. Bank and Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004); *see also Salamone*, 2022 WL 111774, at *4.[4]

## DISCUSSION

### III. The Second Recusal Motion

The Second Recusal Motion contends that several pre-trial rulings issued by the undersigned and the conduct of the undersigned during the July 7, 2025 pre-trial conference purportedly "created the Appearance of Impropriety" and indicates that the undersigned "is biased," has "[p]artiality for the defendants," and has engaged in "Sabotage Thru Micromanagement." (Mot. Recusal at 1–3.) The Second Recusal Motion asserts that the following specific actions of the undersigned raise the appearance of bias and impropriety:

---

[4] Unless otherwise indicated, case quotations omit all internal quotation marks, brackets alterations, and citations.

6

1. the July 7, 2025 Order's denial of Mr. Hill's motion to amend his Second Proposed Pre-Trial Order (Second PPTO, ECF No. 196) to include as trial exhibits handcuffs, shackles, and a waist chain (Mot. Recusal at 1);

2. the undersigned's instruction to counsel concerning trial practices, which presumably includes instructions to face witnesses, rather than the jury, during witness examination (*id.*);

3. the undersigned's requirement that Mr. Hill identify in advance of trial the proposed exhibits that he seeks to offer at trial, that Mr. Hill respond to Defendants' objections to those exhibits, and that Mr. Hill lay a foundation for questioning Defendants about incident reports relating to Mr. Hill that do not mention Defendants by name (*id.*);

4. the undersigned's purported inaction following defense counsel Kyle Wood's use of a cell phone during the July 8, 2025 pre-trial conference even though a prior Court order prohibited the parties from possessing cell phones in the courtroom during pre-trial conferences and trial in this action (*id.* at 1–2)[5];

5. the undersigned's alleged inaction following the filing by defense counsel Wood of a notice of appearance in which counsel stated that he represented Suffolk County as well as dismissed defendants, Tisch and Bagnowski (*id.* at 2);

6. the July 7, 2025 Order's denial of Mr. Hill's motion for reconsideration of Judge Hurley's October 30, 2009 Order, which granted the Defendants summary judgment on Mr. Hill's Non-Administrative Segregation Claims due to failure to administratively exhaust as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e (*id.*);

7. the statement in the July 7, 2025 Order that Mr. Hill did not file any grievances relating to the Non-Administrative Segregation Claims while in pre-trial detention in the Suffolk County Correctional Facility (*id.*);

8. the undersigned's alleged "attempt[] to sabotage" Mr. Hill and "alter his theory of the case" by requiring Mr. Hill to lay a foundation for questioning witnesses about the alleged forcible injection of Haldol and other conditions of confinement (*id.*).

---

[5] Contrary to Mr. Hill's contention, this Court admonished Mr. Wood for violating this Court's order prohibiting counsel, the parties, and the public from bringing mobile devices into the courtroom during pre-trial proceedings and trial, and warned him that any future noncompliance would be met with a $100 sanction. (Min. Entry, July 8, 2025.)

7

Mr. Hill fails to provide any basis by which an objective and disinterested observer would entertain doubt about the impartiality of the Court or its qualifications. *See Liteky*, 510 U.S. at 557–58; *El Omari*, 735 F. App'x at 31. Mr. Hill's disagreement with the undersigned's pre-trial rulings, instructions, and conduct during the July 8, 2025 pre-trial conference is an insufficient basis to grant a recusal motion. *See Wallen*, 2022 WL 17742338, at *2; *see also LoCascio*, 473 F.3d at 495–96. Accordingly, Mr. Hill's Second Recusal Motion is denied.

### IV.     The July 8, 2025 Motion

The July 8, 2025 Motion makes three distinct arguments relating to the July 7, 2025 Order. First, Mr. Hill requests that the Court address why the Supreme Court's interpretation of *Beacon Theaters, Inc. v. Westover*, 359 U.S. 500 (1959), in its recent decision in *Perttu v. Richards*, 145 S. Ct. 1793 (2025), does not entitle him to a jury trial on the issue of exhaustion of his Non-Administrative Segregation Claims, which were dismissed on summary judgment.[6] (July 8, 2025 Mot. at 1.) Second, Mr. Hill argues that the Court erred in finding that he "never filed any grievances with regard to the non-administrative segregation claims," and that such a statement is "a bold face lie" because he "filed numerous grievances that were primarily rejected as non-grievable." (*Id.* at 1–2.) Third, Mr. Hill argues that he was unable to grieve the Non-Administrative Segregation Claims because "the Suffolk county rulebook required that the grievances be filed within 24 hours meaning during the time [he] was beaten, drugged, and shackled." (*Id.*)

---

[6] Judge Hurley granted summary judgment on Mr. Hill's Non-Administrative Segregation Claims and denied summary judgment on Mr. Hill's remaining claims, the First and Fourth Claims (the "Administrative Segregation Claims"), which relate to Mr. Hill's administrative segregation. *Hill v. Tisch*, No. 02-cv-3901, 2009 WL 3698380 (E.D.N.Y. Oct. 30, 2009); *Hill v. Tisch*, No. 02-cv-3901, 2015 WL 5821435 (E.D.N.Y. Oct. 5, 2015).

8

Based on the contents of the July 8, 2025 Motion, it is a motion for reconsideration of rulings made in this Court's July 7, 2025 Order. Mr. Hill has not identified any "intervening change of controlling law, . . . new evidence," or a "need to correct a clear error or prevent manifest injustice" that would warrant reconsideration of the specific rulings at issue under Rule 60(b). *Commerzbank AG*, 100 F.4th at 377. On this basis alone, the Court denies the various requests for reconsideration. Moreover, the July 8, 2025 Motion also attempts to relitigate issues that were considered and denied in the July 7, 2025 Order, and it is therefore denied for that reason as well, as explained in further detail below. *See Analytical Survs.*, 684 F.3d at 52; *Pastor*, 856 F. App'x at 345.

    A. *Beacon Theaters* and *Perttu*

Mr. Hill argues in the July 8, 2025 Motion that because the Supreme Court in *Perttu* held that *Beacon Theaters* "should be read expansively, applying to any claim triable by a jury even in a suit in which the basic relief sought is equitable," the Court should vacate Judge Hurley's October 30, 2009 Order, which granted Defendants summary judgment on the Non-Administrative Segregation Claims, and should present the question of exhaustion to the jury at trial. (July 8, 2025 Mot. at 1 (quoting *Perttu*, 145 S. Ct. 1802).) His argument is premised on the notion that the Complaint presents a jury question regarding the the exhaustion of administrative remedies because it seeks certain equitable relief—specifically, an injunction requiring all SCCF officers to wear readable name tags and badge numbers on the outside of their uniforms and requiring the recording of the conduct of the Sheriff's Emergency Response Team ("SERT") whenever it is activated. These arguments attempt to relitigate the question of whether *Perttu* controls this action, which was directly addressed and rejected in the Court's July 7, 2025 Order.

9

(*See* July 7, 2025 Order at 12–13.) Mr. Hill also fails to make a convincing argument regarding the applicability of *Beacon Theaters* to this action.

The July 7, 2025 Order addressed and rejected Mr. Hill's arguments: (1) that *Perttu* represents intervening change in controlling law because the SCCF's administrative grievance procedures were not available to Mr. Hill during his detention; and (2) that, under *Perttu*, the October 30, 2009 Order deprived Mr. Hill of his Seventh Amendment right to a jury trial. (July 7, 2025 Order at 10–16.) Even if the Court considers the arguments set forth in the July 8, 2025 Motion as distinct from the written and oral arguments that Mr. Hill previously made in seeking reconsideration of the October 30, 2009 Order's grant of partial summary judgment to Defendants, these issues have already been considered and resolved. *See Analytical Survs.*, 684 F.3d at 52; *Pastor*, 856 F. App'x at 345. Moreover, Mr. Hill failed to establish an intervening change in controlling law warranting reconsideration. *See Commerzbank AG*, 100 F.4th at 337.

In *Perttu*, the Supreme Court noted that it had held in *Beacon Theaters* "that judges may not resolve equitable claims first if doing so could prevent legal claims from getting to the jury." *Perttu*, 145 S. Ct. at 1802. "*Beacon Theaters* involved an antitrust dispute between movie theater companies." *Id.* The plaintiff brought an equitable claim for a declaratory judgment that it had not violated antitrust laws. *Beacon Theaters*, 359 U.S. at 502–03. The defendant brought a legal counterclaim seeking money damages for the plaintiff company's alleged violation of antitrust laws. *Id.* at 503. The Supreme Court found that the plaintiff's equitable claim for declaratory judgment and the defendant's legal counterclaim for money damages hinged on a "common issue" of whether plaintiff had violated antitrust laws. *Id.* at 503–04; *see also Perttu*, 145 S. Ct. at 1802. Accordingly, the Supreme Court held that the district court erred by requiring the

10

plaintiff's equitable claims be tried before the court, as to do so would deprive the defendant of a jury trial on all of the issues underlying its legal claim. *Beacon Theaters*, 359 U.S. at 508.

Unlike *Beacon Theaters*, the request for equitable relief in the Complaint is moot because Mr. Hill is no longer detained in the SCCF. *See Sabir v. Williams*, 52 F.4th 51, 58 n.3 (2d Cir. 2022) (noting that that a prisoner's request for equitable relief against a specific correctional facility would be mooted by his transfer out of that specific correctional facility).

*Beacon Theaters* is also inapplicable to Mr. Hill's dismissed Non-Administrative Segregation Claims because the October 30, 2009 Order did not dismiss these claims by resolving any "common issue" between those legal claims and the equitable relief sought in the Complaint. Rather, the October 30, 2009 Order dismissed the Non-Administrative Segregation Claims because Mr. Hill failed to properly exhaust the available SCCF grievance procedures with respect to the conduct challenged in the Non-Administrative Segregation Claims prior to filing this action, as required by the PLRA. *See Hill*, 2009 WL 3698380, at *4 (finding that Mr. Hill "never initiated, let alone exhausted, the SCCF's grievance procedures prior to filing this case"). Mr. Hill has failed to identify any common issues between the Court's ruling that he failed to file any grievances relating to the conduct alleged in the Non-Administrative Segregation Claims through SCCF grievance procedures and the merits of the dismissed Non-Administrative Segregation Claims.

> B. The Court's Finding that Mr. Hill Never Filed Grievances Regarding the Non-Administrative Segregation Claims

Mr. Hill argues in the July 8, 2025 Motion that the Court erred in finding that he did not "file any grievances with regard to the non-administrative segregation claims," and that such a statement is "a bold face lie" because he "filed numerous grievances that were primarily rejected as non-greivable." (July 8, 2025 Mot. at 1–2.)

11

The Court addressed and rejected this very argument in the July 7, 2025 Order. (July 7, 2025 Order at 12.) The Court conducted an independent review of the record and found that "Mr. Hill failed to submit, or even attempt to submit, grievances relating to the conduct at issue [in the Non-Administrative Segregation Claims] through the available grievance procedures." (*Id.*) To date, Mr. Hill has never provided the Court with a single grievance that he filed at the SCCF to report the specific conduct challenged in the Non-Administrative Segregation Claims. Nor has he even contended that he did in fact file any such grievances while detained in the SCCF. Instead, Mr. Hill has provided many grievances reporting conduct unrelated to the conduct challenged in the Non-Administrative Segregation Claims, including one grievance discussed in both the October 30, 2009 and July 7, 2025 Orders in which "Mr. Hill alleged that unnamed members of the S.E.R.T. team took his property from his cell on April 3, 2002—the same date as the excessive force and forced medication alleged in Mr. Hill's Second Claim." July 7, 2025 Order at 13; *see also Hill*, 2009 WL 3698380, at *5. As noted in the July 7, 2025 Order, even though Mr. Hill filed this specific grievance challenging conduct that took place on April 3, 2002 several months after the fact, he did not similarly file any grievance relating to the alleged excessive force or forcible medication that he experienced on April 3, 2002; therefore, he failed to exhaust the claim that he was subject to alleged excessive force and forcible medication on April 3, 2002 in violation of his constitutional rights. (*See* July 7, 2025 Order at 13.)

In conclusion, Mr. Hill has not shown that the Court "overlooked" any evidence "that might reasonably be expected to alter" the July 7, 2025 Order. *Commerzbank AG*, 100 F.4th at 337. Instead, Mr. Hill's July 8, 2025 Motion seeks to "relitigate[e] old issues." *Analytical Survs.*, 684 F.3d at 52; *see also Pastor*, 856 F. App'x at 345.

12

      C. <u>The Alleged Unavailability of the SCCF Grievance Procedures Regarding the Non-Administrative Segregation Claims</u>

Third, Mr. Hill argues that he was unable to grieve the Non-Administrative Segregation Claims because "the Suffolk county rulebook required that the grievances be filed within 24 hours meaning during the time [he] was beaten, drugged, and shackled." (July 8, 2025 Mot. at 2.) Mr. Hill made this same argument in his sur-reply in support of his omnibus motion. (ECF No. 276.) In the July 7, 2025 Order, the Court considered this argument and concluded that Judge Hurley did not err in finding that the SCCF grievance procedure *was available* to Mr. Hill as an avenue for raising the conduct challenged in the Non-Administrative Segregation Claims and that Mr. Hill "never initiated, let alone exhausted," the SCCF grievance procedure. (July 7, 2025 Order at 12–13.)

Again, Mr. Hill has not shown that the Court "overlooked" any evidence "that might reasonably be expected to alter" the July 7, 2025 Order, *Commerzbank AG*, 100 F.4th at 337, and instead "relitigate[es] old issues," *Analytical Survs*, 684 F.3d at 52; *see also Pastor*, 856 F. App'x at 345.

* * *

For all of these reasons, Mr. Hill has failed to provide any grounds warranting reconsideration of the July 7, 2007 Order. Accordingly, the July 8, 2025 Motion is denied.

**V.**    **Reconsideration Motion**

Mr. Hill's Reconsideration Motion seeks reconsideration of Judge Seybert's Order denying Mr. Hill's Motion to Amend the Complaint pursuant to Rule 60(b)(3), on the basis that defense counsel deliberately lied and mislead the Court regarding whether Suffolk County was ever a Defendant in this action. (Mot. Recons. at 1.) Mr. Hill also requests "that the defendants be subjected to Sanctions." (*Id.* at 2.)

The Reconsideration Motion attaches Defendants' Response to Plaintiff's Request for Admissions, which is dated November 21, 2002 and signed by defense counsel, Arlene S. Zwilling. (*Id.* at 3–6.) The Response to Plaintiff's Request for Admissions states that the document is provided by the "Defendants County of Suffolk and Al Tisch," among other defendants, and uses a caption that includes "THE COUNTY OF SUFFOLK" as a defendant. (*Id.* at 3.) Mr. Hill argues that this document shows "that Suffolk County has always been a defendant" in this action. (*Id.* at 2.)

The Reconsideration Motion is untimely. It amounts to a request for reconsideration of Judge Seybert's December 11, 2023 Order under Rule 60(b)(3), which permits reconsideration of a court order based on fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3). However, under Rule 60(c)(1), such a motion for reconsideration must be made within one year of the order at issue. Fed. R. Civ. P. 60(c)(1) (motions brought pursuant to Rule 60(b)(1)–(3) must be made "no more than a year after the entry of the . . . order . . . ."). Therefore, the Court denies Mr. Hill's Reconsideration Motion as untimely.

Moreover, even if Mr. Hill's request for reconsideration of the December 11, 2023 Order were timely, Mr. Hill has not shown "clear and convincing evidence of material misrepresentations" or "that the conduct complained of prevented [him] from fully and fairly presenting [his] case," as discussed below. *Salamone*, 2022 WL 111774, at *4.

Mr. Hill argues that defense counsel's inclusion of Suffolk County in the caption of a filing early in this action shows that Defendants understood that Suffolk County was a defendant. But Mr. Hill does not show that reconsideration of Judge Seybert's Order is warranted on this basis, for two independent reasons: (1) Mr. Hill has been on notice since at least Judge Hurley's October 30, 2009 Order dismissing certain claims for failure to exhaust that neither Defendants

14

nor the Court understood Suffolk County to be a defendant, and Mr. Hill failed timely challenge that understanding despite having many opportunity to do so; and (2) Judge Seybert's Order denying the Motion to Amend did not address whether Suffolk County was, at one point, a Defendant to this action, but instead focused on Mr. Hill's failure to provide authority that supported his request to add Suffolk County as a Defendant at that late a stage of the action.

The Court first describes the numerous opportunities Mr. Hill had to timely object to the Court and Defendants' understanding that Suffolk County is not a defendant in this case. The October 30, 2009 Order ruled on Defendants' motion for summary judgment and both excludes Suffolk County from the list of defendants and does not indicate that the Complaint sought to plead any claims against Suffolk County itself.[7] *Hill*, 2009 WL 3698380, at *1.[8] Notably, Defendants' motion for summary judgment and brief in support also do not argue for summary judgment in favor of Suffolk County, underscoring that Defendants did not take the position that the Complaint plead a claim against Suffolk County. (*See* ECF No. 88.) While Mr. Hill filed

---

[7] The Court has again reviewed the Complaint and found no factual allegations, that even liberally construed, support a claim that any Suffolk County policy, practice, or custom that caused any of Mr. Hill's alleged injuries as alleged in either the Administrative Segregation Claims or the dismissed Non-Administrative Segregation Claims. (*See generally* Compl.; *see also* July 7, 2025 Order at 32 n.7.)

[8] The October 30, 2009 Order states the following regarding the parties name in this action and the nature of the case:

> Plaintiff Demetrius Hill ("Plaintiff") brings the present action against defendants Al Tisch, Sheriff; West Bagnowski, Warden; Murphy Dep. Warden; Mr. Geslak, Captain; Mr. Singer, Lieutenant; Mr. Leehman, Lieutenant; Sgt. Kearsey; Sgt. Walsh; Mr. Reynolds, Correction Officer; Mr. Sanicruz, Correction Officer; Mr. Jonesy, Correction Officer; and various John Does ("Defendants"), pursuant to 42 U.S.C. § 1983, claiming that Defendants used excessive force against him and subjected him to hazardous living conditions while he was incarcerated in the Suffolk County jail.

2009 WL 3698380, at *1.

15

several documents following Judge Hurley's issuance of the October 30, 2009 Order, including a motion for reconsideration (ECF No. 113), he did not file anything with the Court to dispute the October 30, 2009 Order's indication that the individual Defendants are the sole defendants in this action. (*See* ECF Nos. 112–113, 115, 118–121.)

Moreover, on October 5, 2015, Judge Hurley issued an order denying Defendants' motion for summary judgment on the Administrative Segregation Claims and denying Mr. Hill's motion for reconsideration of the October 30, 2009 Order ("October 5, 2015 Order"). *Hill*, 2015 WL 5821435, at *7. Again, Mr. Hill filed numerous documents prior to the issuance of that order, but none of them raised any concerns about the fact that neither the Court nor Defendants considered Suffolk County a defendant in the case. Nor did Mr. Hill file anything after the issuance of the October 5, 2015 Order raising concerns about the Court's understanding that Suffolk County is not a defendant in this action. (*See* ECF Nos. 123–124, 128, 134.)

Additionally, Defendants filed a letter on March 3, 2016, stating their position that the claims surviving summary judgment run only against Defendants Murphy, Geslak, Lehman, and Reynolds. (ECF No. 135 at 2.) The March 3, 2016 letter also lists the names of each dismissed Defendant and asserts that "there are no allegations against . . . them in the claims . . . which remain post summary judgment." (*Id.*) As laid out in the July 7, 2025 Order:

> On March 17, 2016, Judge Shields ordered Mr. Hill to "indicat[e] whether or not [he] agrees with Defendants' characterizations as to the [D]efendants remaining in this lawsuit." (ECF No. 138 at 2.) In response, Mr. Hill informed Judge Shields that he did not receive Defendants' March 3, 2016 letter. (ECF No. 141 at 1.) . . . Judge Shields mailed Defendants' letter (ECF No. 135) and other later filed documents to Mr. Hill on April 8, 2025, and instructed Mr. Hill to "provide further response, including a request for a telephone conference" by May 9, 2016. (Elec. Order Apr. 8, 2016.) On May 9, 2016, Mr. Hill filed a motion requesting additional discovery and a telephone conference, a letter requesting that the Court mail him certain docket entries after being filed, and a motion for reconsideration of the Court's October 5, 2015 denial of his motion for reconsideration of Judge Hurley's October 30, 2009 Order granting Defendants summary judgment on the

16

> Non-Administrative Segregation Claims. (ECF Nos. 143–145.) However, Mr. Hill did not respond in any of those filings to Judge Shields's Order instructing him to indicate whether he "agree[d] with Defendants' characterizations as to the defendants remaining in this lawsuit." (ECF No. 138 at 2; *see also* ECF Nos. 143–145.)

(July 7, 2025 Order at 32–33.)

On July 18, 2016, Mr. Hill filed another motion for reconsideration of the October 5, 2015 denial of his motion for reconsideration of Judge Hurley's October 30, 2009 Order granting Defendants summary judgment on the Non-Administrative Segregation Claims. (ECF No. 161.) In that motion for reconsideration, Mr. Hill again did not respond to Judge Shields's Order requiring him to indicate whether or not he agrees with Defendants' characterizations as to the defendants remaining in this action. (*Id.*) Nor did he otherwise dispute the Court's understanding that Suffolk County was not a defendant in the case. (*Id.*) Additionally, Mr. Hill did not raise any concerns about the lack of identification of Suffolk County as a defendant in Judge Hurley's November 29, 2016 Order denying Mr. Hill's motions for reconsideration. (ECF No. 177.)

On November 13, 2017, Defendants filed their proposed pre-trial order, which does not identify Suffolk County as a defendant in this action and does not include in its list of claims and defenses any claim challenging Suffolk County's policies and procedures as required to state a constitution claim against a municipality. ECF No. 183; *see also Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978). Mr. Hill did not dispute this filing's exclusion of Suffolk County as a defendant.

Instead, on October 11, 2018, Mr. Hill filed his Second Proposed Pre-Trial Order, which also did not include Suffolk County as a defendant and did not describe any *Monell* claim in the list of claims for trial. (*See* Second PPTO at 2–3.) Rather than indicate the existence of a claim that Suffolk County's policies and procedures caused him to be placed in administrative

17

segregation and to experience excessively restrictive conditions in administrative segregation in violation of his constitutional rights, Mr. Hill's Second Proposed Pre-Trial Order states that "the Defendants *failed to use and follow* the Suffolk County policies and grievances from 2002." (*Id.* at 2 (emphasis added).)

A complete review of the docket thus shows that Mr. Hill did not contest the understanding of the Court and Defendants that Suffolk County was *not* a defendant in this action from the issuance of the October 30, 2009 Order granting Defendants partial summary judgment until at least September 26, 2023, when Mr. Hill informed the Court of his intention to file a motion to amend the Complaint to include Suffolk County as a defendant. (ECF No. 229.) Nor did he comply with Judge Shields's March 17, 2016 Order, issued nearly seven years after Judge Hurley's October 30, 2009 Order, which instructed him to indicate whether he "agree[d] with Defendants' characterizations as to the defendants remaining in this lawsuit," (ECF No. 138 at 2) in any subsequent filing. (*See* ECF Nos. 145–271.) Mr. Hill thus failed to timely raise the issue of any exclusion of Suffolk County as a defendant in this case.

On October 27, 2023, Hill filed his Motion to Amend the Complaint, seeking to add Suffolk County as a defendant to this action. (Mot. Am. at 1.) In the Motion to Amend, Mr. Hill did not assert that Suffolk County was named in the Complaint, but instead stated that he "intended to name Suffolk County as a defendant" and that "defendants knew" of his intention to do so. (*Id.*) During oral argument, Mr. Hill asserted that his position "has always been . . . that he was naming the county." (Dec. 11, 2023 Hr'g at 5:3–7.) Judge Seybert's Order denying Mr. Hill's Motion to Amend during a December 11, 2023 hearing did not address whether Suffolk County was, at one point, a defendant to this action, but instead focused on Mr. Hill's failure to provide authority that supported his request to add Suffolk County as a defendant at that late

18

stage of the action. (*See id.* 14:14–17:17.) Accordingly, Mr. Hill's argument that Defendants' response to his Requests for Admission, in which defense counsel included Suffolk County in the caption and in the body of the document, is not relevant to whether Judge Seybert erred in denying Mr. Hill's Motion to Amend.

The Court has reviewed the docket and has found that, prior to the October 30, 2009 Order granting Defendants partial summary judgment, several filings by Defendants and Mr. Hill include Suffolk County in the caption as a defendant.[9] There is no question that counsel for Defendants have engaged in clearly sloppy lawyering by including Suffolk County in the caption of a number of filings prior to the issuance of the October 30, 2009 Order as well as in at least one notice of appearance filed by defense counsel since that date. However, as explained in detail above, Mr. Hill did not timely raise any concerns regarding the understanding of the Court and Defendants that Suffolk County was *not* a defendant in this action at any point between the October 30, 2009 Order ruling on Defendants' summary judgment motion and September 26, 2023, when Mr. Hill notified the Court of his request to amend the Complaint to include Suffolk County. (ECF No. 229.) Thus, the filings prior to October 30, 2009 in which Suffolk County is included in the caption do not serve as a basis for reconsideration of Judge Seybert's denial of the Motion to Amend. Accordingly, Mr. Hill has not shown that any of the requirements for reconsidering that ruling under Rule 60(b) are satisfied.

With respect to Mr. Hill's request for the imposition of sanctions on defense counsel for deliberately lying to and misleading the Court regarding whether Suffolk County was ever a defendant in this action (Mot. Recons. at 1), the Court reserves decision at this time.

---

[9] *See* ECF Nos. 10, 42–43, 45–46, 52, 55, 57, 63, 88–89, 93, 97, 103.

## CONCLUSION

For the reasons addressed above, the Court denies Mr. Hill's Second Recusal Motion (ECF No. 281), the July 8, 2025 Motion (ECF No. 279), and the Reconsideration Motion (ECF No. 283).

Dated: Central Islip, New York
July 17, 2025

 */s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge
