UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Demetrius Hill,<br><br>        Plaintiff,<br><br>    -v-<br><br>Al Tisch, et al.,<br><br>        Defendants. | 2:02-cv-3901<br>(NJC) (AYS) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

  Plaintiff Demetrius Hill ("Mr. Hill") filed this action on July 8, 2002 against several individuals including Thomas Murphy, Peter Lehman, Helen Geslak, and Gerard Reynolds (collectively, "Defendants"), bringing six claims under 42 U.S.C. § 1983 arising out of his pre-trial detention in the Suffolk County Correctional Facility at Riverhead (the "SCCF"). (Compl., ECF No. 1.) Two of Mr. Hill's claims are proceeding to a trial before a jury. (ECF No. 219; *see also* July 7, 2025 Order at 6–19, ECF No. 278; July 17, 2025 Order at 8–13, ECF No. 291.) Jury selection is scheduled to begin tomorrow, Monday, July 21, 2025. (Min. Order, Feb. 26, 2025.)

  Before the Court is Mr. Hill's Motion ("July 18, 2025 Motion"), which was filed the Friday before jury selection is scheduled to begin. (July 18, 2025 Mot., ECF No. 292.) The July 18, 2025 Motion seeks a ruling overturning the Court's July 17, 2025 Order ("July 17, 2025 Order"), which held that Suffolk County is not a defendant in this action. (July 18, 2025 Mot. at 4; *see* also July 17, 2025 Order at 13–19.) Based on the content of the July 18, 2025 Motion, the Court liberally construes it as: (1) a motion for reconsideration made under Rule 60(b)(3) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") of the Court's July 17, 2025 Order, which denied Mr. Hill's July 11, 2025 Motion for Reconsideration ("July 11, 2025 Motion") (July 11,

2025 Mot., ECF No. 283) of Judge Seybert's December 11, 2023 oral Order denying Mr. Hill's Motion to Amend the Complaint to add Suffolk County as a defendant in this action pursuant to Rule 60(b)(3) ("Judge Seybert's December 11, 2023 Order") (ECF No. 263; *see also* Mot. Am., ECF No. 230); and (2) a motion for reconsideration made under Rule 60(d)(3), Fed. R. Civ. P., of Judge Seybert's December 11, 2023 Order.

In the July 18, 2025 Motion, Mr. Hill makes two distinct arguments as to how the Court's July 17, 2025 Order erred. First, Mr. Hill argues that the Court erred by finding that his motion for reconsideration was subject to the one-year statute of limitations laid out in Federal Rule of Civil Procedure 60(c)(1) because that status of limitations does not apply to frauds on the Court, which provide a ground for reconsideration under Rule 60(d)(3). (July 18, 2025 Mot. at 1.) Second, Mr. Hill argues that the Court erred in finding that Suffolk County is not a defendant to this action because several filings by Defendants, which are not identified in the Court's July 17, 2025 Order, include Suffolk County as a defendant in the caption and/or body of the filings and thereby show the Defendants defrauded the Court. (*Id.* at 1–4.)

In the July 17, 2025 Order, the Court denied Mr. Hill's July 11, 2025 Motion on two independent grounds. First, the Court denied the motion as untimely under 60(c)(1), Fed. R. Civ. P. (July 17, 2025 Order at 14.) Second, the Court found that, *even if the motion was timely*, Mr. Hill had "not shown 'clear and convincing evidence of material misrepresentations' or 'that the conduct complained of prevented him from fully and fairly presenting his case.'" (*Id.* (quoting *Salamone v. Douglas Marine Corp.*, No. 1:19-cv-01213, 2022 WL 111774, at *4 (N.D.N.Y. Jan. 12, 2022), *aff'd,* 111 F.4th 221 (2d Cir. 2024)).)

Mr. Hill's argument that the July 17, 2025 Order erred by denying his July 11, 2025 Motion for being untimely is unpersuasive. In the July 11, 2025 Motion, Mr. Hill explicitly

2

stated that he brought the motion under Rule 60(b)(3), not Rule 60(d)(3). (July 11, 2025 Mot. at 2.) Rule 60(c)(1) provides that motions brought pursuant to Rule 60(b)(3) must be made "no more than a year after the entry of the . . . order" that the party seeks to have reconsidered. Fed. R. Civ. P. 60(c)(1). Accordingly, the Court did not err in denying the July 11, 2025 Motion for failure to comply with the one-year deadline set forth in Rule 60(c)(1).

Turning to Mr. Hill's second argument, even if the Court were to consider Mr. Hill's July 11, 2025 Motion as having been made under Rule 60(d)(3), Mr. Hill does not show that Defendants defrauded the court such that Judge Seybert's December 11, 2023 Order denying Mr. Hill's Motion to Amend must be reconsidered. (July 11, 2025 Mot. at 1–2; *see also* July 18, 2025 Mot. at 1–4.)

Rule 60(d)(3), provides that the other provisions of Rule 60 do not "limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). "Fraud upon the court must be established by clear and convincing evidence." *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002).

The July 17, 2025 Order specifically addressed, at length, why defense counsel's inclusion of Suffolk County as a defendant in a number of filings over the course of this litigation did not warrant reconsideration of Judge Seybert's December 11, 2023 Order. (July 17, 2025 Order at 14–19.)[1] The Court observed that Defendants' counsel indeed exhibited sloppy

---

[1] Mr. Hill takes issue with the fact that in the July 17, 2025 Order the Court noted that Suffolk County is identified as a defendant in the caption of the filings identified in the July 17, 2025 Order (July 17, 2025 Order at 19 n.1), and does not acknowledge that Suffolk County is also mentioned in the body of several of these filings. (*See* July 18, 2025 Mot. at 1–4.) The Court acknowledges that Defendants' counsel included Suffolk County in both the caption and in the body of a number of documents. Nevertheless, considering all of those documents in light of the record as a whole, the Court again concludes that defense counsel exhibited extremely sloppy

3

lawyering in such filings but nonetheless found that Mr. Hill had "not shown clear and convincing evidence of material misrepresentations." (*Id.* at 14.) The Court does not find that fraud on the court is shown by the documents identified in the July 18, 2025 Motion (a 2008 Affidavit of Service by Mail (ECF No. 88-7), and a 2016 Affidavit of Service by Mail (ECF No. 127)), even when considered along with all of the filings identified in the July 17, 2025 Order in which defense counsel identified Suffolk County in the case caption and/or body of the document (July 17, 2025 Order at 19 n.1). To be clear, the Court reaches this determination after full consideration of *all* of the documents identified by Mr. Hill in the July 11, 2025 Motion and the July 18, 2025 Motion and the documents identified by the Court itself in the July 17, 2025 Order.

As explained in the July 17, 2025 Order, the Court held that reconsideration of Judge Seybert's December 11, 2023 Order denying Mr. Hill's Motion to Amend the Complaint to add Suffolk County as a defendant was not warranted because:

> (1) Mr. Hill has been on notice since at least Judge Hurley's October 30, 2009 Order dismissing certain claims for failure to exhaust that neither Defendants nor the Court understood Suffolk County to be a defendant, and Mr. Hill failed timely challenge that understanding despite having many opportunit[ies] to do so; and
>
> (2) Judge Seybert's Order denying the Motion to Amend did not address whether Suffolk County was, at one point, a Defendant to this action, but instead focused on Mr. Hill's failure to provide authority that supported his request to add Suffolk County as a Defendant at that late a stage of the action.

(July 17, 2025 Order at 14–15.)

In the July 18, 2025 Motion, Mr. Hill argues that it is unfair to require him to "inform the Defendants to move for summary judgment ,,, to remove themselves as a defendant in a case that

---

lawyering, rather than material misrepresentation about the identities of the Defendants in this action for the reasons set forth in the July 17, 2025 Order.

4

they made themselves a defendant in." (July 18, 2025 Mot. at 2.) This argument rehearses Mr. Hill's argument in the July 11, 2025 Motion that Suffolk County was a named defendant from the inception of this action. (July 11, 2025 Mot. at 1–2.) The Court considered and rejected this argument for the reasons set forth in the July 17, 2025 Order. (July 17, 2025 Order at 13–19.) This argument is therefore not a basis for the Court to reconsider the rulings in the July 17, 2025 Order.

Finally, in the July 18, 2025 Motion, Mr. Hill asks: "Is Al Tisch reinstated as a defendant since the court has put him back in the caption?" (July 18, 2025 Mot. at 2.) Dismissed defendant Al Tisch is identified in the caption of the Court's prior orders only because he was the first named defendant in the Complaint. (*See* Compl. at 1.) The caption of this action may be amended by the Court's directive to the Clerk of Court or by motion of the parties. At this time, no party has moved to amend the case caption, and the Court has not done so on its own. Accordingly, the case caption remains unchanged.

## CONCLUSION

For the reasons set forth above, Mr. Hill's July 18, 2025 Motion (ECF No. 292) is denied.

Dated: Central Islip, New York
July 20, 2025

                                                */s/ Nusrat J. Choudhury*
                                                NUSRAT J. CHOUDHURY
                                                United States District Judge