UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Demetrius Hill,<br><br>                            Plaintiff,<br><br>             -v-<br><br>Al Tisch, et al.,<br><br>                          Defendants. | 2:02-cv-3901<br>(NJC) (AYS) |

**ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

      Plaintiff Demetrius Hill ("Mr. Hill") filed this action pro se on July 8, 2002 against several individuals including Thomas Murphy, Peter Lehman, Helen Geslak, and Gerard Reynolds (collectively, "Defendants"), bringing six claims under 42 U.S.C. § 1983 arising out of his pre-trial detention in the Suffolk County Correctional Facility at Riverhead (the "SCCF"). (Compl., ECF No. 1.) Two of Mr. Hill's claims proceeded to a jury trial that commenced on July 21, 2025 and concluded on July 29, 2025. (Min. Entry, July 21, 2025; Min. Entry, July 29, 2025.) The jury returned a verdict in favor of Defendants on both claims. (Jury Verdict Form, ECF No. 297.) The Clerk of Court entered Judgment on July 29, 2025. (ECF No. 310.)

      Following the entry of Judgment, Mr. Hill filed four post-verdict motions: (1) a July 30, 2025 motion to vacate the jury verdict (ECF No. 299) challenging the U.S. citizenship of three jurors and the English proficiency of one of those jurors; (2) a July 30, 2025 motion to inspect juror qualification records (ECF No. 303); (3) a July 30, 2025 supplemental motion, which seeks Immigrations and Customs Enforcement ("ICE") verification of the U.S. citizenship of the three jurors at issue in the Motion to Vacate and requests the public docketing of certain submissions on that motion (ECF No. 311); and (4) a July 31, 2025 emergency motion to suspend and vacate

judgment and for immediate ICE verification of the U.S. citizenship of the same three jurors identified in the previous motions (ECF No. 312) (collectively, "Motions"). Since the filing of these Motions, Mr. Hill filed several additional documents (ECF Nos. 314, 315, 316).

Generally speaking, Mr. Hill argues that the jury verdict and Judgement in this case must be vacated under Rules 59(e) and 60(b)(3) and (6) on the basis that three members of the jury purportedly are not U.S. citizens and that Juror No. 1 purportedly lacks sufficient English proficiency to have served on the jury. He also requests permission to inspect all jury selection documents and questionnaires in this action. The Court has reserved decision on the Motions.

Today, Mr. Hill filed another Supplemental Motion to Vacate the Verdict and for a New Trial on Grounds of Juror Misconduct, Disqualification, and Citizenship Verification ("Second Supplemental Motion"). (ECF No. 317.) In the Second Supplemental Motion, Mr. Hill reports that he contacted Juror No. 7, one of the jurors whose qualifications he is challenging, through a social media messaging platform and asked: "Good morning I had a quick question just before the jury verdict was read. Can you tell me why they switched Forman? Why went from number one to number eight?" (ECF No. 317 at 2; *see also id.* at 8.) Juror No. 7 responded on the same platform: "juror 1 didn't speak good English. juror 8 liked attention." (*Id.* at 6; *see also id.* at 2.)

Mr. Hill argues that Juror No. 7's response bolsters his request to vacate the jury verdict and Judgement in the case by demonstrating that Juror No. 1 is not proficient in English. (*Id.* at 2.) Additionally, Mr. Hill states the following:

> [T]here remains the unresolved question of juror citizenship. Federal law explicitly requires that jurors be United States citizens. 28 U.S.C. § 1865(b)(1). Plaintiff intends to provide the New York Field Office of Immigration and Customs Enforcement (ICE) with the transcript of voir dire, which includes the general residences of each juror, so that citizenship may be verified. The Court should be aware that Plaintiff also intends to have a longer discussion with the juror in question to further clarify these issues.

2

(*Id.* at 2.)

"It is well established in this Circuit that in order to insure that jurors are protected from harassment, a district judge has the power, and sometimes the duty, to order that all post-trial investigation of jurors shall be under [the Court's] supervision." *United States v. Moten*, 582 F.2d 654, 665 (2d Cir. 1978); *see also United States v. Radonjich*, 1 F.3d 117, 120 (2d Cir. 1993). "It always lies within the province of the district judge to take full control of the post-verdict interviewing of jurors when it is first brought to his attention." *United States v. Baker*, 899 F.3d 123, 134 (2d Cir. 2018) (quoting *Moten*, 582 F.2d at 666)). Before a party interviews a juror, "[n]otice to opposing counsel and the court should be given in all cases." *Radonjich*, 1 F.3d at 120 (quoting *Moten*, 582 F.2d at 666)).

The Second Circuit has explained the reasons for court supervision of a party's post-verdict inquiries of jurors as follows:

> Because courts are wary of the "evil consequences" likely to result from post-verdict inquiries—"subjecting juries to harassment, inhibiting juryroom deliberation, burdening courts with meritless applications, increasing temptation for jury tampering and creating uncertainty in jury verdicts"—such inquiries are not undertaken in the absence of reasonable grounds.

*Baker*, 899 F.3d at 131 (quoting *United States v. Ianniello*, 866 F.2d 540, 543 (2d Cir. 1989)). Moreover, to the extent that a party's post-verdict inquiry concerns alleged jury misconduct, such an inquiry is only required "when there is clear, strong, substantial and incontrovertible evidence . . . that a specific, nonspeculative impropriety has occurred which could have prejudiced the trial.'" *Id.* at 130 (quoting *United States v. Moon*, 718 F.2d 1210, 1234 (2d Cir. 1983)) (alteration in original). "Allegations of impropriety must be 'concrete allegations of inappropriate conduct that constitute competent and relevant evidence,' though they need not be

3

'irrebuttable [because] if the allegations were conclusive, there would be no need for a hearing.'" *Id.* (quoting *Ianniello*, 866 F.2d at 543) (alteration in original).

The Court first learned of Mr. Hill's post-verdict contact with a member of the jury today with the docketing of his Second Supplemental Motion, which reports not only that Mr. Hill contacted Juror No. 7 to bolster the pending Motions seeking to vacate the jury verdict and Judgment, but also that he intends to have a "longer discussion with the juror in question to further clarify" issues relating to the citizenship status of jurors. (ECF No. 317 at 2.) Moreover, the Second Supplemental Motion emphasizes Mr. Hill's broad concerns about the U.S. citizenship of *all* members of the jury, not just the three jurors who are the subject of the pending Motions. *See id.* ("Plaintiff intends to provide the New York Field Office of Immigration and Customs Enforcement (ICE) with the transcript of voir dire, which includes the general residences of each juror, so that citizenship may be verified.")

In light of the record in this case and this Court's authority pursuant to the caselaw recited above, this Court will supervise all post-trial investigation of jurors. *See Radonjich*, 1 F.3d at 120; *Baker*, 899 F.3d at 134; *Moten*, 582 F.2d at 666; *see also* Order, *United States v. Volpe*, No. 98-cr-196 (E.D.N.Y. July 22, 2002), Dkt. No. 663 (ordering that "the parties . . . shall not have any contact or communications . . . with any juror or alternate juror who served on the jury for the trial unless it is expressly authorized by the court"); Order, *Cocconi v. Pierre Hotel*, No. 00-cv-361 (S.D.N.Y. Mar. 1, 2001), Dkt. No. 34 (holding that "the parties may not contact jurors without first applying to the Court, stating the reasons for the desired contact, and obtaining the Court's permission for it").

Accordingly, before Mr. Hill may have any further contact or communication with Juror No. 7 or any other juror or member of the jury venire in this action, he must: (1) apply for

4

permission from the Court and provide notice to the Defendants, (2) explain the purpose for contact with the specific juror or member of the jury venire, (3) and describe the scope of the questions he seeks to ask that specific juror or member of the jury venire. No party may have any contact or communications with any juror who served on this trial or member of the jury venire unless it is expressly authorized by the Court.

Dated: Central Islip, New York
August 20, 2025

                                                        */s/ Nusrat J. Choudhury*
                                                        NUSRAT J. CHOUDHURY
                                                        United States District Judge